Phlete A. MARTIN, III, Appellant,

v.

Kenneth M. BODY et ux., Appellees.

No. 1017.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 5, 1976.

Walter Groce, Corpus Christi, for appellant.

F. Van Huseman, Maddin, White & Brin, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment that awarded Kenneth M. Body and wife, Betty J. Body, $100.00 as "damages" and $250.00 "as penalty attorney's fees" because of a violation by Phlete A. Martin, III, of the Federal Consumer Credit Protection Act, commonly known as the "Truth in Lending Act", Trial was to a jury. Phlete A. Martin, III, has perfected an appeal from portions of the judgment that was rendered.

The suit was originally instituted by Phlete A. Martin, III, hereinafter called "plaintiff", to collect the unpaid balance on a note which was executed by Kenneth M. Body and wife, Betty J. Body, hereinafter called "defendants". It is undisputed that defendants executed a promissory note on August 12, 1971, payable to the order of plaintiff. The note was in the principal sum of $1,288.24, and was to be paid in 35 equal monthly installments of $36.00 each, and a final installment of $28.24, commencing September 12, 1971. It provided, among other provisions, that upon default, "the entire indebtedness . . . shall be matured, at the option of the holder", and that "matured unpaid principal and interest shall bear Ten (10%) per cent per annum from date of maturity until paid". The note further recited that it was secured by a deed of trust upon a certain lot in Corpus Christi, Texas.

The first installment on the note in the amount of $36.00 was timely paid by defendants. No other installments or payments were made. On November 26, 1971, Mr. James A. Martin, attorney for plaintiff, wrote defendants a letter, which reads, in part:

" . . . under the provisions of your note dated August 12, 1971 payable to Phlete A. Martin III, demand is here made for the entire balance due on said note of $1,252.24 plus interest at 10% since September 12, 1971 . . . and that no payments other than the above specified entire balance will be accepted. . . . "

Defendants did not pay such balance, or any part thereof.

Thereafter, on January 5, 1972, the land subject to the deed of trust was sold at trustee's sale for $500.00. On January 17, 1972, plaintiff's attorney made a written demand on appellees for the payment of $716.24, the amount of the deficiency claimed to be due on the note, plus interest at the rate of 10% thereon from the date of default. Defendants refused to pay the requested amounts.

Suit was filed on February 22, 1972 to recover the deficiency. Plaintiff, in his original petition, alleged, in substance, the facts which are set out in the three preceding paragraphs, and asked for attorney's fees in the amount of $250.00, for the deficiency of $716.24, and for interest on the amount of the deficiency at the rate of 10% per annum from and after November 12, 1971, until paid.

Defendants, in their first amended original answer and counterclaim, their trial pleading, asserted the following defenses and claims: 1) that plaintiff violated the Federal Truth in Lending Act, and, as a consequence, they (defendants) were entitled to recover from plaintiff the "penalties as are provided in the Act," including double the amount of any finance charge (but not less than $100.00 nor more than $1,000.00), together with reasonable attor-

ney's fees and costs . . . for violation of the Federal Truth in Lending Law as a setoff, up to the amount claimed by plaintiff in his original petition"; 2) that the consideration received by defendants "was money in an amount less than the face value of the alleged note", and, therefore, was in violation of the State usury statute, for which defendants were entitled to recover from plaintiff "the applicable penalties of Article 5069 [5069–1.01 et seq.] Vernon's Revised Civil Statutes . . . including forfeiture of all principal and interest contracted for by the note, and for such reasonable attorney's fees as would constitute a proper penalty"; and 3) that the deed of trust "be declared void as an attempt to encumber a homestead".

Trial commenced on April 9, 1974. Special issues were submitted to the jury with regard to the "creditor" status of plaintiff. The jury, in response to those issues, found: that plaintiff regularly arranged for the extension of credit for which the payment of a finance charge was required (No. 6); and that plaintiff regularly extended credit for which payment of a finance charge was required (No. 7).

The judgment, which was signed on April 11, 1975, stated that plaintiff "is a creditor covered by the Federal Truth in Lending Act"; that plaintiff "has violated the Federal Truth in Lending Act"; and "a reasonable attorney's fee to be awarded for the services of defendants' attorneys is $250.00 as a penalty for violation of the Federal Truth in Lending Act". The judgment decreed that defendants recover from plaintiff $100.00 "as damages" and $250.00 "as penalty attorney's fees"; and for all court costs. The judgment further decreed that "all relief not herein granted is hereby specifically denied".

The judgment, in effect, denied plaintiff a recovery on his claim for "reasonable attorney's fees as provided in said note", and further denied his claim for the alleged unpaid balance ($716.24) on the note. With respect to defendants' counterclaims, the

judgment, in effect, denied them any recovery on the ground of their alleged usury, and further denied any relief on their asserted claim that the deed of trust was void because it was an attempt to encumber a homestead.

 When an appellant brings up an entire judgment for appellate review, an appellee is entitled to file cross-points which the court will consider. *Graham & Locke Investments v. Madison,* 295 S.W.2d 234 (Tex.Civ.App.—Dallas 1956, writ ref'd n. r. e.); *Edgar v. Bartek,* 507 S.W.2d 831 (Tex. Civ.App.—Corpus Christi 1974, writ dism'd). But the rule is different in cases where an appellant limits his appeal to only part of a judgment that is otherwise severable. Our Supreme Court, in *Dallas Electric Supply Co. v. Branum Co.,* 143 Tex. 366, 185 S.W.2d 427, 430 (Tex.Sup.1945), said:

"It has been held in a number of cases, . . . that, if a judgment is severable, the appellant may appeal from a part only thereof, and when that is done the appellee will not be heard to complain of any matters falling wholly within the portion of the judgment not brought up for review by appellants. . . ."

 In the case at bar, the judgment that was rendered was severable. Plaintiff (appellant) has appealed only from the portions of the judgment that: 1) denied his claim for the unpaid balance on the note; and 2) that awarded defendants a recovery of $100.00 and $250.00, respectively. Defendants have not perfected an independent appeal from any part of the judgment; therefore, defendants will not now be heard to complain of any matters falling wholly within the part of the judgment which has not been brought for review by plaintiff. The issues of usury and the attempt to encumber a homestead are not before us in this appeal. Under the record, the judgment with regard to plaintiff's claim for attorney's fees and defendants' claims for penalties under the Texas statute on usury and their claim that the deed of trust were void is final.

Plaintiff, in his first point, claims that there is no evidence to support the award of $250.00 as attorney's fees. He asserts in his third point, that there is no evidence to support the award of $100.00 as damages. Defendants contend that the award of $250.00 was proper "as a penalty, whether denominated as attorney's fees or not, since clear violation of the Truth in Lending Act° and State usury laws authorize the award of liquidated damages in excess of the district court's award". With respect to plaintiff's third point, defendants' brief contains a point, entitled "Third Counterpoint", which reads:

"Although the district court erred in awarding damages in the amount of $100.00, the error lay not awarding the liquidated amounts set by both the Truth-in-Lending Statute and the usury statute, which amounts would properly have totalled $1,286.88."

The briefs treat the point as a cross-point, and counsel for defendants, during oral argument, contended that the point, in effect, was a cross-point. Plaintiff has voiced no opposition to defendants' asserted position on the point. We consider the point as a cross-point only insofar as it relates to the "Truth in Lending Act". This is so because the judgment is severable and while plaintiff appealed from the part thereof that awarded defendants' $100.00 "damages" because of plaintiff's violation of the Truth in Lending Act, defendants did not appeal from that part of the judgment which denied them relief on their claim for penalties because of usury.

The Federal Truth in Lending Act is codified in 15 U.S.C.A. §§ 1601–1681t. The regulations pertaining thereto, commonly known as "Regulation Z", are set out in 12 C.F.R., 15 U.S.C.A. § 226.

15 U.S.C.A. § 1640(a) provides:

"(a) Except as otherwise provided in this section, any creditor who fails in connection with any consumer credit transaction to disclose to any person any information

required under this part to be disclosed to that person is liable to that person in an amount equal to the sum of

(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court."

A creditor is defined in 15 U.S.C.A. § 1602(f) as being one,

". . . who regularly extend, or arrange for the extension of, credit for which the payment of a finance charge is required, whether in connection with loans, sales of property or services, or otherwise. . . ."

Regulation Z, in 12 C.F.R., 15 U.S.C.A. § 226.8(b)(2), requires a written disclosure of:

"The finance charge expressed as an annual percentage rate, using the term 'annual percentage rate,' . . ."

It, in 12 C.F.R., 15 U.S.C.A. § 226.8(d)(1), also requires a disclosure to the borrower of:

". . . all charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge, using the term 'amount financed.' . . ."

The only amount disclosed by the note is the total amount ($1,288.24) due thereunder. It does not disclose the amount of the finance charge nor designate any sum as a finance charge as required by 15 U.S.C.A. § 1605 and Regulation Z, 15 U.S.C.A. § 226.-4(a). It also fails to individually itemize all the charges which are included amount of credit but are not part of the finance charge. 15 U.S.C.A. § 1639(A)(2). There was no compliance by plaintiff with Regulation Z, 15 U.S.C.A. § 226.8(b)(2), (d)(1).

The jury, by its answers to Special Issues 6 and 7, found that plaintiff regularly arranged and extended credit for which a finance charge was required. Under 15 U.S.C.A. § 1602(f), these findings placed plaintiff under the controls of the Truth in Lending Act and Regulation Z, promulgated thereunder. Those findings, when considered along with the undisputed evidence in the case, clearly establish a violation of the Truth in Lending Act. Plaintiff falls within the definition of a "creditor", as that term is defined in the Act. Therefore, it was correct for the trial court to award the plaintiff some amount of money, as provided for in 15 U.S.C.A. § 1640(a)(1) and (2) of the Act. We first consider the matter of attorney's fees.

■ We have not been cited to any Texas decision, nor have we found such a decision, which has dealt directly with the question of reasonable attorney's fees under Truth in Lending. There are, however, numerous federal court decisions in this area. A review of a number of these cases indicates that there must be some evidence of what constitutes reasonable attorney's fees, either through hearings, stipulations or agreement by the parties. In *Thomas v. Myers-Dickson Furniture Company*, 479 F.2d 740 (5th Cir. 1973), the Court ordered the lower court to conduct a hearing to determine reasonable attorney's fees. In *Simmons v. American Budget Plan, Inc.*, 386 F.Supp. 194 (E.D.La.1974), the amount of attorney's fees was agreed to by stipulation. In *Jones v. Seldon's Furniture Warehouse, Inc.*, 357 F.Supp. 886 (E.D.Va.1973), the attorneys were ordered to attempt to agree on the amount of attorney's fees and if no agreement could be reached to set the matter for hearing by motion of either party. In *Welmaker v. W. T. Grant Company*, 365 F.Supp. 531 (N.D.Ga.1972), the Court granted an award of attorney's fees "upon a showing by plaintiff's counsel of the time and expense involved in prosecuting this litigation."

The Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.

1974), set up a 12 point test for determining what factors are necessary to ascertain reasonable attorney's fees, where such fees are allowed by federal law. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client on the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

■ The question of the requirement of proof of the reasonableness of attorney's fees in Texas was settled by the case of *Great American Reserve Insurance Company v. Britton*, 406 S.W.2d 901 (Tex.Sup. 1966). There, the Supreme Court held that the reasonableness of attorney's fees is a question of fact and must be supported by competent evidence. Originally a trial court could determine reasonableness without any evidence of the nature or value of attorney's services. *Johnston v. Blanks*, 68 Tex. 495, 4 S.W. 557 (1887). This rule stood until 1936, when *Johnson v. Universal Life & Accident Ins. Co.*, 127 Tex. 435, 94 S.W.2d 1145 (Tex.Com.App.1936, opinion adopted) was decided. In *Johnson*, the Commission of Appeals stated that: "The reasonableness of attorney's fees . . . is a question of fact to be determined and must be supported by competent evidence and may be submitted to a jury. . . ."

The case of *Johns v. Jaeb*, 518 S.W.2d 857 (Tex.Civ.App.—Dallas 1974, no writ) is analogous to this case. In the *Johns* case, the appellant was attempting to recover attorney's fees under Tex.Rev.Civ.Stat.Ann. Art. 5069–1.06, the Texas usury statute. It was appellant's contention that once a prima facie case of usury is established, the trial court may award attorney's fees on its own volition, without further proof. The Court of Civil Appeals expressly rejected that contention and held that the claim for attorney's fees must be determined by the trial court from the evidence as a matter of fact. In *Smith v. Davis*, 453 S.W.2d 340 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.), the court stated:

"It is established law in Texas now that in a case where there is a question as to what would constitute a reasonable attorney's fee, such question is one of fact to be determined by the fact finder in the case, and in order to have a determination of such fact is (sic) must be supported by evidence. . . ."

In *Bagby Land and Cattle Company v. California Livestock Commission Company*, 439 F.2d 315 (5th Cir. 1971), the Court said:

". . . although the procedure in Texas courts would apparently require proof of reasonable attorney's fees, federal courts are not bound by this procedure in diversity actions. It was entirely permissible for the district court to fix attorney's fees on the basis of its own experience and without the aid of testimony of witnesses."

■ In this case, even though we are dealing with a federal statute, we are bound by the law as determined by the Texas Supreme Court. The record shows that defendants are entitled to attorney's fees under 15 U.S.C.A. § 1640(a)(2). But, there is no evidence as to any amount of money which would constitute a reasonable attorney's fee. Plaintiff's first point is sustained.

15 U.S.C.A. § 1605(a) defines "finance charge" as:

". . . the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit, including . . . Interest . . . ."

■ The trial court, in the judgment, found that the interest actually charged by plaintiff to defendant "cannot be determined from the evidence and record". We disagree. The amount of the note was $1,288.24, which amount was to be paid by defendants in monthly installments. It is admitted by all parties that plaintiff issued a check to the defendant Kenneth M. Body in the sum of $800.00 and advanced the total sum of $166.52 for defendants' benefit. The total amount of the loan is $966.52. The difference between that sum of money and the face amount of the note is $321.72, which is conclusively shown by the record to be interest, as established by the following testimony of Mr. James A. Martin, plaintiff's attorney, to wit:

"Q And how much interest did you tell him, if you told him, that you were going to charge on that loan?

A I asked—I asked Mr. Body how— what payments he could—if he could pay this amount in thirty-six months, and he said that he could. So I charged him ten percent a year for three years, and added that to the amount of the note, plus the fees that I have mentioned, plus the delinquent taxes which were paid, and then divided it into thirty-five equal payments of $28.24—of $36.00 and a final payment that would pay down to where the balance on the thirty-six month would be $28.24. I asked him if he could meet those payments and he said that he could, . . ."

It was held in *Thomas v. Myers-Dickson Furniture Company*, 479 F.2d 740 (5th Cir. 1973), that under the penalty provisions of the Act, (15 U.S.C.A. § 1640), "the amount of damages to be awarded when disclosure violations are found is not discretionary: The (trial) court must award the successful litigant-consumer twice the 'finance charge' involved in the relevant transaction, with the minimum award being $100 and the maximum award being $1,000." That was not done in this appeal. A "finance charge" of $321.72 is established, and de-

fendants were entitled to a recovery of twice that amount ($643.44) under the provisions of 15 U.S.C.A. § 1640(a)(1). It was error to award them only $100.00 because of the violation of the Federal Truth in Lending Act. Plaintiff's third point is overruled, but defendants' cross-point, hereinabove quoted, is sustained insofar as it pertains to the proper award under the Truth in Lending Act.

■ The substance of plaintiff's second point is that the trial court erred in not granting him the relief to which he was entitled under his petition and the evidence. We agree. Plaintiff sued to recover the balance due on the note after deducting therefrom the $36.00 installment, which was paid by defendants, and $500.00, the amount of money received at the trustee's sale. We do not, however, agree that the deficiency is $716.24, as alleged by plaintiff. That sum of money represents the difference between the amount shown on the note, $1,288.24, and $536.00, which, if allowed, would permit plaintiff to recover for interest that had never accrued and was not earned. This, we will not countenance.

The deficiency on the true amount of principal owing on April 11, 1975, when the judgment was signed, included earned interest at the rate 10% per annum on the principal prior to default and interest at the rate of 10% per annum on the matured principal and interest following acceleration of maturity, is the sum of $640.07. Under the record before us, plaintiff is entitled to recover that amount of money in the action that was brought by him. Plaintiff's second point is sustained.

■ We also sustain defendants' cross-point insofar as their claim to a setoff for a violation of the Truth in Lending Act is concerned. It is conclusively shown by the record that 1) plaintiff violated the Truth in Lending Act, and that the amount of the finance charge is $321.72. Defendants are entitled to recover twice the amount of the finance charge against plaintiff, which

amount is to be setoff from the amount recovered by plaintiff in his action against defendants. The recovery to which plaintiff is entitled is $640.07, and defendants are entitled to a recovery of $643.44. The difference is in favor of defendants in the amount of $3.37.

We have carefully considered plaintiff's remaining point. It has no merit, and is, therefore, overruled.

■■■ As has been stated, defendants are clearly entitled to recover attorney's fees in some amount for plaintiff's violation of the Truth in Lending Act. However, the amount and reasonableness of attorney's fees is a question of fact to be determined by the trier of facts as any other fact issue and must be supported by probative evidence. That was not done in this case. The issue of attorney's fees is severable from the other issues in this case, and under Rule 434, T.R.C.P., we are authorized to sever this claim and reverse the judgment and remand that issue to the trial court for a new trial as to it only. *Great American Reserve Insurance Co. v. Britton*, 406 S.W.2d 901 (Tex.Sup.1966); *Insurance Company of North America v. Escalante*, 484 S.W.2d 608 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.). Accordingly, that part of the judgment which awarded defendant $250.00 "as penalty attorney's fees" is reversed, and the issue with respect to reasonable attorney's fees for a violation of the Truth in Lending Act is severed from the remainder of the case and that issue is remanded to the trial court for a new trial. We reverse that part of the judgment which denied plaintiff any recovery on the action brought by him and render judgment that he recover $640.07 against defendants on such claim; we also modify and reform that part of the judgment which awarded defendants $100.00 against plaintiff and render judgment that defendants recover $643.44 against plaintiff, which is to be setoff against the $640.07 recovered by plaintiff; therefore, judgment is here rendered that defendants recover $3.37 from plaintiff, together with interest thereon at 6% per annum from April 11, 1975, the date the trial court's judgment was signed, until paid. That part of the judgment which awarded defendants a recovery of all costs is also reversed and judgment is here rendered that all costs in the trial court and in this Court be and the same are taxed one-half to each party. The remainder of the judgment is affirmed.

Affirmed in part, modified and reformed in part, and reversed and rendered in part.