**YATES FORD, INC., Appellants,**

v.

**Adan E. BENAVIDES, Appellee.**

**No. 13–83–002–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1984.

Rehearing Denied Nov. 1, 1984.

Rick Rogers, Porter, Rogers, Dahlman & Gordon, Corpus Christi, for appellants.

Kimbel Brown, Thomas M. Schumacher, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a judgment granted against appellant Yates Ford, Inc., in favor of appellee Adan E. Benavides. A take nothing judgment was rendered in favor of another original defendant, Ford Motor Credit Co. Appellee sued Yates and Ford Credit for violations of the Texas Consumer Credit Code, Article 5069–7.01, et seq., TEX.REV.CIV.STAT.ANN. (Vernon Supp.1984), arising out of a retail installment contract that he signed in connection with the purchase of a motor vehicle. In a non-jury trial, the trial court found one violation of the credit code against Yates and entered a judgment of $4,000 as a statutory penalty for the violation plus attorney's fees. We affirm.

Appellee contracted with Yates Ford on March 30, 1981, for the purchase of a new 1981 Ford F–150 Supercab Pickup. Appellee executed several documents, most important of which is one entitled Texas Automobile Retail Installment Contract, which is a Ford Motor Credit Co. form contract for credit purchases of Ford vehicles. The retail installment contract was subsequently assigned by Yates to Ford Motor Credit Co. and appellee began making monthly payments. Appellee did not seek actual damages for breach of warranty or dissatisfaction with the vehicle. The suit was filed for statutory penalties based on violations of the Texas Consumer Credit Code.

■ Appellant Yates' three points of error raise the issue of whether it was error for the trial court to have found, held and entered judgment that appellant violated TEX.REV.CIV.STAT.ANN. art. 5069–7.-01(h-1)(v) (Vernon Supp.1984) by not giving appellee notice of being charged a documentary fee in the language primarily used in the oral sales presentation. All three points of error are "no evidence" and "insufficient evidence" points. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established tests set forth in *Glover v. Texas*

*General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960). In summary, those authorities say that, when we consider "no evidence" points, we can consider only the evidence and inferences tending to support the trial court's findings, and we must disregard all evidence and inferences to the contrary. Further, when we consider "insufficient evidence" points, we must consider all the evidence, including any evidence contrary to the trial court's findings.

The provisions of Article 5069–7.01(h-1) pertinent to this appeal state:

... If a documentary fee is charged: ...

\* \* \* \* \* \*

(iv) all preliminary worksheets which are exhibited to the buyer in which the motor vehicle retail seller calculates a sales price for the buyer, the buyer's order, and the installment contract shall include in reasonable proximity to the point in the worksheet, buyer's order, and retail installment contract where the documentary fee is disclosed the amount of the documentary fee to be charged and the following notice in boldface type.

'A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATING TO THE CLOSING OF A SALE. BUYERS MAY AVOID PAYMENT OF THE FEE TO THE SELLER BY HANDLING THE DOCUMENTS AND PERFORMING THE SERVICES RELATING TO THE CLOSING OF THE SALE. A DOCUMENTARY FEE MAY NOT EXCEED $25. THIS NOTICE IS REQUIRED BY LAW.'

(v) If the language primarily used in the oral sales presentation is not the same as that in which the retail installment contract is written, the seller shall furnish to

the buyer a written statement containing the notice set out in Subsection (iv) in the language primarily used in the oral sales presentation.

Regarding appellant's three points of error, the following Findings of Fact nos. 9 and 10 and Conclusion of Law no. 8 appear in the transcript:

9. The general discussions between the Plaintiff and the salesman representing the selling dealer were primarily in Spanish; however, the discussions relating to the vehicle, including the color, the engine size and the price, were in English.

10. The selling dealer, YATES FORD, INC., did not furnish the Plaintiff with a written statement containing the notice set out in Article 5069–7.01(h-l)(iv) in the language primarily used in the oral sales presentation.

\*    \*    \*    \*    \*    \*

8. The selling dealer, YATES FORD, INC., violated Article 5069–7.01(h-l)(v).

■ In reviewing Findings No. 9 and 10, we must consider whether these findings are in conflict, especially since the trial court found there were some discussions in English and some in Spanish and appellant has inferred a conflict in its argument under its points. When findings to be considered in reviewing the judgment appear to conflict, they will be reconciled, if possible, but, if not reconcilable, they will not support the judgment. *Railroad Commission v. Stephens,* 147 S.W.2d 879 (Tex. Civ.App.—Austin 1941, writ dism'd judgment corr.). As a general rule, a trial judge is required to make findings only on ultimate, controlling and material issues and not upon evidentiary matters. *See Davis v. Moreno,* 579 S.W.2d 309, 311 (Tex. Civ.App.—Corpus Christi 1979, no writ). We hold that there is no conflict in that Finding of Fact no. 10 is the controlling issue which supports the judgment and in that Finding of Fact no. 9 is only evidentiary showing that both Spanish and English were spoken to and by appellee during the course of the transaction from its inception to its completion.

■ About the term "oral sales presentation," when a statute does not define the terms used in its provisions, as here, the rule is to look at the generally accepted common and legal definitions of the words. *Billstrom v. Memorial Medical Center,* 598 S.W.2d 642 (Tex.Civ.App.—Corpus Christi 1980, no writ). We will consult the definitions of two sources to arrive at the meaning of "oral sales presentations": Black's Law Dictionary and general dictionaries.

Black's Law Dictionary defines "oral" as, uttered by the mouth or in words; spoken not written. Black's also defines "sale" as a contract between two parties, the seller and the buyer, where the seller transfers title and possession to the buyer in consideration of his payment or promise of payment. There is no definition of "sales presentation." The term of interest here, however, is sales "presentation." Webster's New Collegiate Dictionary defines "presentation," in part, as "a descriptive or persuasive account (as by a salesman of his product)."

■ All of which brings us to a review of the evidence as it relates to appellant's points, all pertaining to Finding no. 10 and Conclusion no. 8. At the outset, we note that we may not substitute our judgment for that of the trier of fact, who was the trial judge here. This is so even though we may, after reviewing the evidence, have reached a different conclusion from that of the trial judge. Nor may we pass on the credibility of witnesses. *Diaz v. Cantu,* 586 S.W.2d 576 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

The appellant highlights the evidence that tends to show that appellee had a twelfth grade education and understood English. Further, according to appellant, discussions were in English between appellee and Mr. Isaul H. Guerra, salesman for Yates, about body style, color, engine size, type of radio, price, value of trade-in, and monthly payments. In addition, appellant urges that conversations were in English between appellee and Ms. Mary Lozano,

**740**

office employee for Yates in charge of insurance and financing, about the extended service plan, various types of insurance, and the retail installment contract.

On the other hand, appellee emphasizes the evidence that tends to show conversation in Spanish between appellee and Guerra about initial introductions, appellee's initial indication of pick-up features he wanted, and possibilities of an acceptable vehicle on another dealer's lot in a different city. Also, conversation took place in Spanish between appellee and Guerra about price and what the contract would provide. Apparently, the trial judge gave greater credence to the latter view of the evidence which he was entitled to do as the trier of fact. We hold, therefore, that the evidence was legally and factually sufficient to support the trial judge's Finding no. 10 and that Conclusion no. 8 was proper. All of appellant's points of error are overruled.

Appellee's cross-point of error is that the trial court erred by not holding Ford Motor Credit Company jointly and severally liable with appellant for the violation of TEX. REV.CIV.STAT.ANN. art. 5069–7.01(h-l)(v) (Vernon Supp.1984).

This cross-point of appeal as to Ford Motor Credit Co. is a severable portion of the case in that appellant, Yates Ford, appealed only that part of the judgment that found Yates had violated only art. 5069–7.-01(h-l)(v). The part of the judgment whereby the trial court found that Ford Motor Credit Co., the holder, had not violated art. 5069–7.01 et seq., and that Yates, the seller, had not violated art. 5069–7.01 et seq., except for art. 5069–7.01(h-l)(v), was severable from that part of the judgment that found the violation and is not before this court on appeal. Ford Motor Credit Co. did not join Yates Ford in this appeal.

■ Where appellant limits his appeal to only a part of the judgment which is otherwise severable, appellee will not be heard to complain of any matters falling wholly within that portion of the judgment not brought forward for review by appellant. This Court may not consider cross-points on a severable portion of the judgment

unless an independent appeal has been filed. *Marshbank v. Austin Bridge Co.,* 669 S.W.2d 129 (Tex.Civ.App.—Corpus Christi 1984, no writ); *Cameron & Willacy Counties Community Projects, Inc. v. Gonzalez,* 614 S.W.2d 585 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Martin v. Body,* 533 S.W.2d 461 (Tex.Civ.App.—Corpus Christi 1976, no writ).

■ Appellee Benavides, by not filing an independent appeal, waived his right to complain by cross-points of the trial court's finding of no violation by Ford Motor Credit Co. and rendering a take nothing against appellee. *Saenz Motors v. Big H Auto Auction, Inc.,* 653 S.W.2d 521 (Tex.App.—Corpus Christi 1983), aff'd, 665 S.W.2d 756 (Tex.1984). *See Marshbank,* 669 S.W.2d at 137. Appellee's cross-point of error is overruled.

The judgment of the trial court is AFFIRMED.