Zoila MEDINA, Appellant,

v.

Santiago SALINAS, Appellee.

No. 13–87–091–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Rehearing Denied Sept. 24, 1987.

Ed Stapleton, Costilla & Stapleton, Brownsville, Dan S. Boyd, Johnson & Swanson, Dallas, for appellant.

Paul Q. O'Leary, O'Leary, Dale & Malany, Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

OPINION

SEERDEN, Justice.

Appellant contests a take-nothing judgment in her suit involving an automobile collision. The jury found her 60% negligent. Appellant's two points of error contest the court's exclusion of evidence that appellee had no driver's license, and the denial of a new trial requested on grounds of the exclusion of that evidence. We affirm the trial court's judgment.

On appeal, appellant argues that the stipulated testimony of Salinas, "I do not have and have never had a driver's license and would now be unable to get one," should have been admitted because it was relevant to Salinas' degree of negligence in the collision. The parties' stipulation, however, states that the testimony was offered to impeach Salinas' statement that his limited vision and hearing did not impair his driving ability. Among the requirements for a Texas driver's license is a vision test. See Tex.Rev.Civ.Stat.Ann. art. 6687b, § 10 (Vernon Supp.1987).

Appellant has forwarded only a one-page narrative statement of facts, along with stipulations. Appellant designated that the court reporter prepare only the stipulations and "the complete statement of Santiago Salinas." We cannot determine whether other evidence or testimony was before the jury. The burden on appeal is on the appellant to present a sufficient record to demonstrate error. *Chappell Hills, Inc. v. Boatwright,* 702 S.W.2d 687, 689 (Tex.App.—Houston [14th Dist.] 1985, no writ). Any evidence not forwarded on appeal is presumed to support the judgment.

Salinas testified, "I am one of the parties involved in an intersection collision on February 6, 1985. The intersection was controlled by a traffic signal and I claim to have a green light upon entering the intersection. In my deposition, I testified that I was 78 years old, that I am blind from one eye, it is plastic and that I can see very little from the other eye. I lost my eye in 1963. I also testified that my hearing is very bad—hearing nothing from one ear and very little from the other. I testified at the trial that I could see that I had a green light and that my limited vision and hearing did not impair my driving ability."

To obtain reversal of a judgment for exclusion of evidence, appellant must show that rejection of the proffered evidence was error and that it was reasonably calculated to, and probably did, cause the rendition of an improper judgment. Tex.R. App.P. 81(b)(1).

If the record before us is complete, the only way the jury could have found Medina more negligent than Salinas was by believing his testimony that he had the green light. Having determined this, the 40% negligence imputed to Salinas would have to be based on the effects on his driving of his impaired sight and hearing. Thus, the jury must have disbelieved Salinas' statement that his limited vision and hearing did not impair his driving ability. If offered as impeachment, we fail to see that the proffered evidence would have probably changed the result.

Appellant argues that lack of a driver's license is evidence of negligence of the unlicensed driver in a collision, and that inclusion of this evidence would have tipped the scales in her favor when the jury compared negligence.

Appellant cites two negligent entrustment cases, *Mundy v. Pirie-Slaughter Motor Co.,* 146 Tex. 314, 206 S.W.2d 587 (1947) and *Frontier Theatre, Inc. v. Whisenant,* 291 S.W.2d 395 (Tex.Civ.App.—El Paso 1956, writ dism'd), which we distinguish. In negligent entrustment cases, whether the driver was licensed may be relevant to whether entrustment of a vehicle was negligent.

Appellant needed to show that appellee's negligence was the proximate cause of the collision. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 631 (Tex.1986). However, lack of a license does not, as a matter of law, make a driver liable or constitute a proximate cause of a collision. *See Flanigan v. Carswell,* 159 Tex. 598, 324 S.W.2d 835, 838 (1959); *Langdeau v. Pittman,* 337 S.W.2d 343, 360 (Tex.Civ.App.—Austin 1960, writ ref'd n.r.e.).

Moreover, even if the evidence were admissible, on the record before us, we cannot say that it probably caused the rendition of an improper judgment.

We overrule appellant's points one and two.

We AFFIRM the judgment of the trial court.