**FIRST FINANCIAL DEVELOPMENT CORPORATION, et al., Appellants,**

v.

**Janie HUGHSTON, Appellee.**

No. 13–89–350–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 6, 1990.

Rehearing Overruled Oct. 11, 1990.

**289**

Don E. Williams, Royal H. Brin, Jr. and James K. Peden, III, Dallas, for appellants.

Ed Stapleton, John Haywood and Dana Allison Lester, Brownsville, for appellee.

Before NYE, C.J., and KEYS and SEERDEN, JJ.

## OPINION

KEYS, Justice.

Janie Hughston, appellee, sued First Financial Development Corporation, Williams Construction Corporation, and the Sun Tide III Home Owners Association for damages caused by the negligent construction and maintenance of an outside stairway in Sun Tide III condominiums. By twelve points of error, First Financial and Williams Construction complain of a judgment in Hughston's favor in the sum of $987,396.90. We reverse and render the judgment in favor of First Financial and affirm the judgment against Williams Construction.

Sun Tide III is one of many condominium projects located on South Padre Island. First Financial was the developer for the Sun Tide complex, and as such, it hired Williams Construction Corporation to build Sun Tide III, the third unit in the complex. Sun Tide III was opened in June, 1982.

The Condominium Declaration required First Financial to turn over possession and control of Sun Tide III to the Home Owners Association upon sale of 80% of the units. This occurred in August 1983. After that date, the Home Owners Association operated and maintained Sun Tide III.

Many persons fell while going up and down a stairway in the south west corner of Sun Tide III. One witness testified that persons visiting the complex were falling on the stairs daily, particularly children. Although the Owners Association was aware of the dangerous condition of the stairway, it took no remedial action. The stairway was poorly lit, open to the elements, covered with a slick carpet, and poorly maintained. In addition, the hand rail violated the housing codes in two respects: it was built too high and at an improper angle. On November 22, 1986, Janie Hughston fell down these stairs and received serious injuries.

In her original petition, the plaintiff filed suit against Sun Tide Condominiums III, a corporation, alleging use of a dangerous floor covering and improper maintenance. In her first amended original petition, she added other defendants, including, Sun Tide III Condominium Association, Sun Tide III Owners Association, Inc.[1] as well as appellants herein, alleging various acts of negligence connected with the design, construction and maintenance of the stairway. In her third amended petition, she alleged that eleven specific acts of negligence were the cause of the injury and that the defendants were liable under a per se negligence theory.

The Home Owners Association and appellants answered with a general denial on December 5, 1988. On December 15, 1989, the Home Owners Association filed a separate general denial. On April 21, 1989, they filed an answer setting forth various defenses, and a cross action against appellants. Trial was set for May 8, 1989.

During the pretrial proceedings, the Home Owners Association assumed the burden of going forward with the defense of the suit, and appellants did very little to contribute. Some time between April 21, 1989, and May 1, 1989, the Home Owners Association settled; however, they were not dismissed and remained party defendants. On May 1, 1990, exactly seven days before trial, appellants filed a cross action against the Home Owners Association and an amended answer which raised limitations as a new affirmative defense. The

1. Sun Tide Condominiums III, Sun Tide Condominium Association, and Sun Tide III Owners Association are hereinafter referred to as the Home Owners Association.

trial court granted a motion to strike the amended answer and cross action.

Trial was to the court. Final Judgment was rendered soley against First Financial Development Corporation and Williams Construction Company for $987,396.90. The court filed findings of fact and conclusions of law.

■ By its first and second points of error, appellant First Financial complains that the judgment against it should be reversed because a transferor of real property is not liable for injuries suffered by third parties after transfer of possession to the transferee. In support, First Financial cites the Restatement (Second) of Torts §§ 351, 352, and 353 as well as *Beall v. Lo–Vaca Gathering Company*, 532 S.W.2d 362 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). We sustain this point of error.

The Restatement provides:

§ 351 A vendor of land is not subject to liability for physical harm caused to his vendee or others while upon the land by any dangerous condition, whether natural or artificial, which comes into existence after the vendee has taken possession.

§ 352 Except as stated in § 353, a vendor of land is not subject to liability for physical harm caused to his vendee or others while upon the land after the vendee has taken possession by any dangerous condition, whether natural or artificial, which existed at the time that the vendee took possession.

§ 353 (1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, if

(a) the vendee does not know or have reason to know of the condition of the risk involved, and

(b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.

(2) If the vendor actively conceals the condition, the liability stated in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions.

In *Lo–Vaca*, this court, in affirming a summary judgment, held that the Restatement (Second) of Torts, § 352, 353 barred recovery by a third party against a transferor for injuries caused by a dangerous condition on the land of which the transferee is aware. We find *Lo–Vaca* factually similar to this case because there the transferor constructed the dangerous condition on the property prior to the conveyance, the transferee was put on notice of the dangerous condition, and a third party was injured by the condition after the conveyance. Under these facts, the court held that the third party was barred from suing the transferor as a matter of law for injuries caused by dangerous conditions.

■ The first issue under these points is whether First Financial is a transferor (vendor under restatement terminology). Appellee argues that First Financial is not a prior transferor because of continuing involvement with the property.

The trial court's findings of fact and conclusions of law indicate that First Financial was "the previous owner and occupier" of Sun Tide III and its "vendor". The condominium by-laws indicate that upon conveyance of 80% of the condominiums by the developer the Board of Directors of Sun Tide III Home Owners Association would be appointed. From the time of the first meeting, the Association would be responsible for "management, maintenance operation and administration of the ... Common Elements." Stairways are in-

cluded in the definition of Common Elements. The uncontroverted evidence indicated that 80% of the condominiums were conveyed by August, 1983. Thus, at that time First Financial became a transferor.

Under the Restatement view, and this court's holding in *Lo–Vaca*, a transferor of real property is generally not liable for injuries caused on real property after the conveyance. *See Davis v. Esperado Mining Co.,* 750 S.W.2d 887 (Tex.App.—Houston [14th Dist.] 1988); *Moeller v. Fort Worth Capital Corp.,* 610 S.W.2d 857 (Tex. Civ.App.—Fort Worth 1980, writ ref'd n.r. e.); *Neuhaus v. Daniels,* 430 S.W.2d 906 (Tex.Civ.App.—Amarillo 1968, writ dism'd w.o.j.). In factually similar cases this is the rule in other jurisdictions. *Bailey for Bailey v. Gammell,* 34 Wash.App. 417, 661 P.2d 612 (1983); *Wilson v. Thermal Energy, Inc.,* 21 Wash.App. 153, 583 P.2d 679 (1978); *Chapman v. Lily Cache Builders, Inc.,* 48 Ill.App.3d 919, 6 Ill.Dec. 176, 362 N.E.2d 811 (1977). This rule bars liability for all dangerous conditions. Adroit phrasing of the pleadings to encompass design defects, per se negligence, or any other theory of negligence will not avoid the obvious justice of this rule. The exception to the rule exists where the transferor fails to disclose or actively conceals the dangerous condition that causes the injury. This exception, however, does not come into play where the transferee discovers or should have discovered the dangerous condition and has a reasonable opportunity to take precautions. § 353(2).

Without citing any authority, appellee argues that *Lo–Vaca* is distinguishable because of First Financial's continuing involvement with the property. We find no merit in this argument. First Financial's continuing involvement allegedly consisted of ownership of a number (less than 20%, the exact number is not indicated in the record) of condominium units. No findings suggested that First Financial continued to own any interest in the condominium. In fact, the findings speak of First Financial's ownership interest in the past tense. Thus, no findings were made to support appellee's assertion that *Lo–Vaca* is distinguishable on this basis, and we find this distinction, if it exists, unpersuasive. Even if such findings were made, appellee fails to direct this court's attention to unfavorable controlling precedent. *Dutcher v. Owens,* 647 S.W.2d 948, 951 (Tex.1983), limits liability of a condominium owner to the pro rata share of ownership. Thus, the argument that First Financial is liable for the entire judgment because it owned a fractional share of the condominium complex is incorrect as a matter of law.

The second issue under this point is whether the transferee, the Home Owners Association, discovered or should have discovered the dangerous condition more than a reasonable time before the fall. The findings of fact filed by the trial court state that First Financial actively concealed the dangerous condition, and that Suntide III Home Owners Association "had not, at the time of the accident in question, discovered the conditions and had not had a reasonable opportunity to take effective precautions against them." For the purposes of this appeal we will assume, without deciding, that First Financial actively concealed the dangerous conditions in the stairway.

Findings of fact are not conclusive on appeal when, as in this case, a statement of facts appears in the record. *Swanson v. Swanson,* 148 Tex. 600, 228 S.W.2d 156, 158 (1950); *Rosetta v. Rosetta,* 525 S.W.2d 255, 260 (Tex.Civ.App.—Tyler 1975, no writ). And, of particular importance to this appeal, findings of fact are binding on the appellate court only if supported by evidence of probative force. *Block v. Waters,* 564 S.W.2d 113, 115 (Tex. Civ.App.—Beaumont 1978, no writ); *See also* McDonald, Texas Civil Practice § 16.10 (1984). The finding that the Home Owners Association was not aware of the dangerous condition of the stairway is completely unsupported by any probative evidence.

■ In the instant case the only evidence admitted on the question whether the Home Owners Association was aware of the dangerous condition of the stairway was testimony by Harold Fulton. Fulton was a member of two groups. He was a director of the Home Owners Association and its predecessor, the advisory board to the developer. He testified that his wife fell down the stairs and that the dangerous conditions in the stairway were apparent more than four years prior to the time the plaintiff fell. He testified:

Q: When you moved in, and as not only a homeowner but as an advisory board member, did you become familiar with the hazardous or dangerous condition or conditions on stairwell in that particular first flight of stairs?

A: Yes I did. As a matter of fact, my wife fell down on those stairs at one time, . . .

Q: When did it first become apparent that these stairs were dangerous?

A: . . . August of '82.

In addition, he testified that the stairs were so dangerous that "you automatically fall down there almost." This is the only evidence that the Home Owners Association did or did not have notice of the allegedly dangerous conditions in the stairway. Notice was therefore acquired by the Home Owners Association more than four years before the injury.[2]

A review of the foregoing evidence establishes appellant's argument that no exceptions to the Restatement (Second) of Torts §§ 351, 352, and 353 applies because the Home Owners Association had notice of the dangerous conditions in the stairway as a matter of law. Since this occurred more than four years before the accident the Association clearly had more than a reasonable opportunity to take precautions.

■ We hold that a transferor of real property is not liable for injuries caused by dangerous conditions on real property after conveyance if the transferee has actual notice of the condition. Restatement (Second) of Torts § 351–53; *Lo–Vaca; Esperado Mining Co.* Appellant First Financial's first and second points of error are sustained. The judgment against First Financial is reversed and judgment is rendered in its favor.

■ Williams Construction Company complains by appellants' fourth point of error that it is not liable for conditions arising on the property after completion of construction. Although this is an accurate statement of the law, the findings of fact indicate that the improper placement of the handrail is a condition that existed at the time of transfer. Since we uphold this ground of recovery in our rulings below, this point of error is overruled.

■ By appellant's third, fifth and sixth points, appellant raises factual and legal sufficiency challenges to the trial court's findings that appellants proximately caused the injuries to appellee. Appellee had the burden of proof on this issue. "No evidence" or "insufficient evidence" points are appropriate if the party without the

---

**2.** Other testimony indicated that employees were aware of the dangerous condition of the stairway. They testified that many persons fell there. These employees reported to Mike Aldous, a manager appointed by Robert Williams, the owner of First Financial and Williams Construction. Evidence showed that Aldous did not report these falls to the Home Owners Association, although he was its employee. Since this is "some evidence" of the trial court's finding that he actively concealed the dangerous condition from the Home Owners Association we are bound by this finding, *see Little v. Linder,* 651 S.W.2d 895, 900 (Tex.App.—Tyler 1983, writ ref'd n.r.e.).

As a general rule, information acquired by an agent is imputed to the principal. *La Sara Grain v. First Nat. Bank of Mercedes,* 673 S.W.2d 558, 563 (Tex.1984) Exceptions exist where the agent is acting fraudulently. *Kirby v. Cruce,* 688 S.W.2d 161, 168 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). The finding that Mike Aldous concealed the dangerous condition from the Home Owners Association precludes this court from considering his knowledge or knowledge acquired by those who reported to him as being imputed to their employer, the Home Owners Association.

burden of proof challenges a finding of fact. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). In determining a "no evidence" point, we consider only the evidence and inferences which tend to support the finding of fact and disregard all evidence and inferences to the contrary. *See International Armament Corp. v. King*, 686 S.W.2d 595, 597 (Tex.1985); *Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex.1958); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *In re King's Estate*, 244 S.W.2d at 661–62. On the other hand, an "insufficient evidence" point requires us to examine all evidence which supports and contradicts the finding, *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). *See also* Hall, *Standards of Appellate Review in Civil Appeals*, 21 St. Mary's L.J. 865, 908–09 (1990).

From a review of all the evidence which tends to support the findings that acts of Williams Construction Company were the proximate cause of injury to appellee, we find that some evidence exists which supports the trial court's findings. "Proximate cause consists of cause in fact and foreseeability ... Cause in fact is 'but for cause,' meaning the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred." *El Chico Corp. v. Poole*, 732 S.W.2d 306, 313 (Tex.1987). The evidence indicates that Williams Construction Company built the stairway where the accident occurred. Furthermore, the stairway was built in violation of the applicable building codes with respect to the height of the hand rail, the slope of the hand rail, as well as other violations. Appellee testified that her hand was on the rail when she hit a stair with her foot and fell on the stair behind her. Her expert testified that it is more difficult to catch oneself in a fall if the rail is too high. From this evidence the trial court could have inferred, and apparently did infer, that but for the improper placement of the handrail the injury would not have occurred. *El Chico* 732 S.W.2d at 313; *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 549 (Tex.1985). Since the record contains more than a scintilla of evidence of proximate cause supporting one theory of liability for Williams Construction Corporation, we overrule appellant's "no evidence" challenges to the trial court's findings.

Appellant's factual sufficiency challenges to the trial court's findings require a different analysis. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). *In re King's Estate*, 244 S.W.2d at 660. Appellant's proper phrasing of the point of error is "insufficient evidence", rather than "against the great weight and preponderance of the evidence". Nevertheless, we address this issue. In this inquiry we look to all the evidence which supports and contradicts the finding of proximate cause. The vast majority of the evidence supports the proposition that the stairs were wet, dark, and the carpet was slippery, and that these factors[3] played a large part in the slip and the injury; however, cause in fact requires only that "but for" the improper placement of the hand rail the injury would not have occurred. The trial court's finding on this point was supported by sufficient evidence. Proximate cause questions are particularly within the province of the fact finder, *Glover v. City of Houston*, 590 S.W.2d 799, 801 (Tex. Civ.App.—Houston [14th Dist.] 1979, no writ); *Pate v. Southern Pac. Transp. Co.*, 567 S.W.2d 805, 809 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). Appellant's factual sufficiency and legal sufficiency challenges on the proximate cause issue, points of error three, five, and six, are overruled.

---

**3.** The findings of fact enumerated numerous other "causes" of the slip and fall. We find most of them unable to supply the requisite element of proximate causation because they were based on problems which were the clear responsibility of the defendants who settled.

■ By appellants' seventh and eighth points of error, the argument is raised that the great weight and preponderance of the evidence is against the trial court's finding that no other party besides appellants were negligent, and the findings of fact conflict with this finding.

Once again we apply the well established standard of review for factual sufficiency questions. *See* Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960). The trial court found that the Home Owners Association was not liable for the injury suffered by appellee. After a review of all the evidence supporting and contradicting the trial court's finding, we are constrained by this standard of review to hold that there is sufficient evidence to support the trial court's ruling. We will not substitute our judgment for that of the trial court, particularly on questions of causation, *Gomez v. Franco*, 677 S.W.2d 231, 236 (Tex.App.— Corpus Christi 1984, no writ).

The trial court could have and apparently did find that appellants caused the injury by improper placement of the hand rail and other defective construction methods. From a review of the findings of fact the trial court must have found that the maintenance problems, installation of slick carpet, failure to replace worn sections of the carpet, installation of low wattage light bulbs, and other causes of the injury which the Home Owners Association was apparently responsible for, were insignificant when compared to the negligence of appellant. Appellant's seventh point of error is overruled.

■ By appellants' eighth point of error, it complains that finding 18, which finds that negligent failure to maintain and other acts of the Home Owners Association were causes of the injury, are in fatal conflict with the conclusion in finding 40

that the Home Owners Association was not negligent and not responsible for any percentage of liability. We hold that the findings listed in 18 are merely evidentiary. *Yates Ford v. Benavides*, 684 S.W.2d 736, 739 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Finding 29, that defendants'[4] negligence was the proximate cause of the injury, is the ultimate and controlling finding. *Id.* Since finding 29, and the other findings are reasonably reconcilable with finding 40, we overrule appellants' point eight.

■ By appellant's ninth point of error it argues that the trial court erred in sustaining an objection to a question directed to appellee on cross examination. The question was designed to elicit testimony of a settlement agreement between appellee and the Sun Tide defendants. Appellants argue that evidence of a settlement agreement was admissible to show they were entitled to a deduction of their liability because of the settlement. Tex.Civ.Prac. & Rem.Code Ann. § 33.011–16 (Vernon 1989). Section 33.012 allows the court to reduce appellant's liability depending on the amount of the settlement and the damages. Appellants did not make any request to reduce the amount of damages pursuant to Tex.Civ.Prac. & Rem.Code Ann. § 33.012 (Vernon 1987). In contrast to former § 33.014 (repealed 1987), which entitled a defendant, without action by the trial court, to deduct a settlement, *see Merit Drilling v. Honish*, 715 S.W.2d 87, 90 (Tex. App.—Corpus Christi 1986, writ ref'd n.r. e.), the court must deduct settlement under § 33.012. Because appellants failed to notify the trial court, they desired it to make a deduction for settlement under § 33.012, the error, if any, in the exclusion of evidence of the settlement agreement was waived. Tex.R.App.P. 52(b).

---

4. We construe "defendants" as used in finding 29 to include appellants only, even though the Home Owners Association was a defendant. The court's use of the term defendant in finding forty, and the totality of the court's findings, suggests that this was its intention. We are bound to construe these findings to reconcile this apparent conflict. *Luna v. Southern Pacific Transp. Co.*, 724 S.W.2d 383 (Tex.1987); *Yates Ford Inc. v. Benavides*, 684 S.W.2d 736, 739 (Tex.App.—Corpus Christi 1984, writ ref'd n.r. e.).

By appellants' tenth point of error it is alleged that the trial court erred in not allowing appellants to present witnesses in their defense. Prior to trial, appellee presented an interrogatory to appellants requesting the names of its witnesses. Appellants replied that it knew of no witnesses. Appellants argue that they were relying on the Home Owner's Association, who settled this case, to present the defense. The Home Owners Association designated twenty one individuals and two hospitals in response to the same interrogatory.

Appellants had a duty to supplement their answer to the interrogatory. Tex.R.Civ.P. 166b(6). Since appellants failed to supplement their answer, a showing of "good cause" was required to allow undesignated witnesses to testify. *McKinney v. National Union Fire Ins. Co.,* 772 S.W.2d 72 (Tex.1989); Tex.R.Civ.P. 215(5). In this case appellants did not supplement their answers because they thought the defendants who settled would carry the burden of the defense at trial. The trial court did not abuse its discretion in refusing to allow undesignated witnesses under these circumstances. *Morrow v. H.E.B.,* 714 S.W.2d 297 (Tex.1986); *Yeldell v. Holiday Hills Retirement Nursing Center, Inc.,* 701 S.W.2d 243 (Tex.1985); *Ramos v. Champlin Petroleum Co.,* 750 S.W.2d 873 (Tex.App.—Corpus Christi 1988, writ denied).

We recognize decisions from other courts which allow one party to use the answers to interrogatories of other parties, *Tri-State Motor Transit Co. v. Nicar,* 765 S.W.2d 486, 489–91 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Smith v. Christley,* 755 S.W.2d 525, 530 (Tex.App.—Houston [14th Dist.] 1988, writ denied). In this case, however, appellant did not state this specific ground for the ruling he desired. Thus, this argument, which has first appeared in the reply brief, was waived. Tex.R.App.P. 52(a).

By appellants' eleventh point of error, it argues that the trial court erred in striking appellants' cross action against the Home Owners Association. Trial was set for Monday, May 8, 1989. On April 21, 1989, the Home Owners Association filed a cross action against appellants. On May 1, 1989, appellants filed the cross action against the Home Owners Association and pleaded limitations against appellee. Sometime between these two dates appellee settled with the Home Owners Association.

Immediately prior to trial, appellee filed a motion to strike the pleadings filed on May 1, 1989. The motion alleged plaintiff was surprised by the new limitations defense, *see* Tex.R.Civ.P. 63. Importantly, the Home Owners Association did not show up at this pretrial hearing, and neither the Home Owners Association nor the appellee made any showing of surprise regarding the cross action. The court struck the affirmative defenses as well as the cross action. Appellant argues Rule 63 requires a showing of surprise before the trial court was allowed to strike the cross action[5].

In light of the trial court's holding that the Home Owners Association was not negligent, appellants have not shown how they were harmed. Tex.R.App.P. 81(b)(1). If error, it is not reversible.

By appellants' twelfth point of error appellant challenges the amount of damages awarded by the trial court. Appellee had suffered severe shoulder injuries on prior occasions. In fact, her most recent operation installed metal screws in her shoulder. She had recently recovered from this operation. The new injury severely damaged her shoulder and stripped the new screws away from the bone in her shoulder. This reinjury was the source of enduring pain.

Appellants did not provide this court with certain exhibits which would allow us to

---

**5.** Appellant does not bring a point complaining that the limitations defense was improperly struck.

properly review the seriousness of the injuries. In the absence of a complete record concerning the evidence on this point, we will presume that the evidence supported the trial courts finding. *Haynes v. McIntosh*, 776 S.W.2d 784 (Tex.App.—Corpus Christi 1989, writ denied); *Medina v. Salinas*, 736 S.W.2d 224 (Tex.App.—Corpus Christi 1987, writ denied). We overrule appellants' twelfth point of error.

Judgment against First Financial is reversed and rendered. Judgment against Williams Construction Company is affirmed. Costs are assessed one half to appellant Williams Construction Co. and one half to appellee.