Preston Henrichson, Edinburg, Dale W. Felton, Houston, for appellants.

Craig Smyser, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

Jackie Lewis DAVIS and Peter Heinrich Deller, Appellants,

v.

ESPERADO MINING COMPANY, Appellee.

No. C14–87–210–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 12, 1988.

## OPINION

DRAUGHN, Justice.

Appellants' son died as a result of a fall into a mine shaft adjacent to the Terlingua Ghost Town. Appellants filed a wrongful death action against a number of parties listed in the property's chain of title. The trial court granted appellee's motions for summary judgment and severance. Appellants' cause of action as to the other defendants is still pending in the court below. Appellants' sole point of error is that the trial court erred in granting the summary judgment. We affirm the judgment of the trial court.

Appellee, Esperado Mining Company, a corporation, became owner of the mineral estate in the property on September 29, 1972. There is no summary judgment evi-

dence that appellee ever owned the surface estate. The mine shafts were in existence, but had been inactive for some years, at the time appellee became mineral estate owner. On April 25, 1975, appellee conveyed the mineral estate to Mel LaVergne, reserving a one-sixteenth (1/16) non-participating royalty interest. The accident involving appellants' son occurred on May 29, 1982, seven years after appellee's conveyance of the mineral estate.

Appellee sought summary judgment on two grounds. One, it owed no duty to appellants' son since it was not the owner or occupier of the property and it had no possessory interest in the property. Two, it fully disclosed the existence of the mine shaft to its grantee and thus discharged any duty it had. In their response to the motion for summary judgment, appellants contended that crucial fact questions remained as to whether the dangerous and defective condition of the mine shaft was created, modified, or maintained during appellee's ownership or control of the mineral interests, and whether such negligence was the proximate cause of the injury.

■■■ Liability for a defective condition on property arises only if the party had ownership, possession, control, or had itself created the dangerous condition. *City of Denton v. Van Page*, 701 S.W.2d 831 (Tex. 1986). The mineral deed, which is part of the summary judgment evidence, clearly establishes that the mineral estate was conveyed to Mel LaVergne seven years before the accident occurred. Since appellee retained only a non-possessory royalty interest, it did not own, possess, or control the property. *Stevens County v. Mid–Kansas Oil & Gas Company*, 113 Tex. 160, 254 S.W. 290 (1923). The depositions of both J.L. Batt and Mel LaVergne clearly reflect that the mine shaft was in existence when appellee acquired the mineral interest. Other than assertions in appellants' brief in response to the motion for summary judgment, there is no evidence that appellee ever operated the mine during the two and one-half years it owned the mineral estate. In fact, the Batts deposition states that appellee never conducted mining operations on the property.

During the seven-year period prior to the accident, appellee was simply a royalty interest holder with no possessory right in the property, and no right to even enter the premises. Further, the summary judgment proof establishes that appellee did not create the dangerous condition. Since appellee did not own, possess, or control the property, nor create the causal condition, it had no duty to appellants' son. Therefore, appellee has no liability under general negligence theories.

Appellee's only duty was that of a vendor of real property. Texas courts of appeals have applied the Restatement (Second) of Torts §§ 351–353 (19–) to determine the extent of liability in such cases. *Moeller Fort Worth Capital*, 610 S.W.2d 857, 861 (Tex.App.—Fort Worth 1980, writ ref'd n.r.e.); *Beall v. Lo–Vaca Gathering Company*, 532 S.W.2d 362, 365 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd); *Neuhaus v. Daniels*, 430 S.W.2d 906, 908 (Tex.Civ.App.—Amarillo 1968, writ dism'd w.o.j.). When a dangerous condition exists at the time the vendor transfers possession, the vendor is not subject to liability for physical harm caused to others while upon the land after vendee has taken possession, unless the vendor fails to disclose the existence of the condition. Restatement (Second) §§ 352–353.

Mel LaVergne's deposition establishes that he was aware of the mine shaft even before appellee's purchase of the mineral estate, and was certainly aware of its existence at the time appellee transferred the mineral estate to him. Further, the existence of the mine shaft is disclosed in the mineral deed which transferred appellee's interest to LaVergne. The deed states that "[f]or the same consideration, Grantee hereby assumes the full obligation and responsibility to plug and abandon all wells which may now exist on the above described lands and to fill and close all mining shafts and excavations which may now exist on the above described lands."

Appellants' contention that appellee's duty continued despite the transfer of their

interest in the property is grounded on the holding in *Strakos v. Gehrig,* 360 S.W.2d 787 (1962). Such reliance is misplaced. *Strakos* merely brought the law as applied to contractors within the general rules of tort litigation. *Beall* 532 S.W.2d at 365. In *Strakos,* the Texas Supreme Court rejected the "notion that although a contractor is found to have performed negligent work or left premises in an unsafe condition and such action or negligence is found to be a proximate cause of injury, he must nevertheless be held immune from liability solely because his work has been completed and accepted in an unsafe condition." 360 S.W.2d at 790. Appellee did not create the condition in question, and fully disclosed its existence to LaVergne prior to transferring its interest. Appellee discharged any duty it may have had.

No genuine issues of material fact remain, and appellee established that it had no duty under general negligence law and has discharged its duty as a vendor of real property. It was therefore entitled to judgment as a matter of law. The grant of summary judgment was proper and the judgment of the court below is affirmed.