**Bobby Joe ROBERTS**

v.

**FRIENDSWOOD DEVELOPMENT CO. et al.**

No. 01–93–00492–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1994.

Rehearing Overruled Sept. 22, 1994.

Randal L. Payne, James G. Gumbert, Houston, for appellant.

C. Timothy Reynolds, James B. Lewis, Houston, for appellees.

Before DUGGAN, O'CONNOR and HEDGES, JJ.

## OPINION

DUGGAN, Justice.

Appellant, Bobby Joe Roberts, appeals from a summary judgment entered in favor of appellees, Friendswood Development Company and King Ranch, Inc. (collectively, Friendswood). We affirm.

On August 8, 1990, Roberts broke his neck when he dived from a pier located at River Grove Park on the shore of Lake Houston in Kingwood, Texas. Roberts sued Kingwood Service Association (Kingwood), Naylor Industrial Services, Inc. (Naylor), and Friendswood for negligence and gross negligence. Roberts settled his claims against Kingwood

and Naylor, and they are not parties to this appeal. Friendswood moved for summary judgment, and the trial court granted its motion.

In his sole point of error, Roberts complains that the trial court erred in granting summary judgment because Friendswood's summary judgment evidence was defective, and Friendswood did not meet its summary judgment burden.

### Standard of review

Summary judgment is proper only when a movant establishes that no genuine issue of material fact exists, thereby entitling the movant to judgment as a matter of law. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Marchal v. Webb*, 859 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). A defendant is also entitled to summary judgment if it conclusively establishes all elements of an affirmative defense as a matter of law. *Id.; Clark v. Pruett*, 820 S.W.2d 903, 905 (Tex.App.—Houston [1st Dist.] 1991, no writ). In reviewing the summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Marchal*, 859 S.W.2d at 412.

In its order, the trial court did not state the ground on which summary judgment was granted. Because the trial court's order does not specify the grounds on which it granted summary judgment, we will affirm the summary judgment if any of the theories advanced are meritorious. *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 924 (Tex.App.—Houston [1st Dist.] 1993, no writ).

### Objections to the summary judgment evidence

To be considered by the trial or reviewing court, summary judgment evidence must be presented in a form that would be admissible at trial. *Hidalgo v. Surety Sav. & Loan Assoc.*, 462 S.W.2d 540, 545 (Tex. 1971); *Friday v. Grant Plaza Huntsville Ass'n*, 713 S.W.2d 755, 756 (Tex.App.—Houston [1st Dist.] 1986, no writ). A party must object in writing to the form of summary judgment evidence and place the objections before the trial court, or its objections will be waived. *Grand Prairie Indep. School Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex.1990).

In his response to the motion for summary judgment, Roberts specifically objected on numerous grounds to Friendswood's summary judgment evidence and reurges those objections on appeal. Friendswood argues that Roberts was required not only to object to the form of the summary judgment evidence but to secure a ruling on his objections by the trial court to preserve any error for appellate review. *Fox Elec. Co. v. Tone Guard Sec., Inc.*, 861 S.W.2d 79, 81 (Tex.App.—Fort Worth 1993, no writ); *Hopkins v. Highlands Ins. Co.*, 838 S.W.2d 819, 822 (Tex.App.—El Paso 1992, no writ); *Williams v. Conroe Indep. School Dist.*, 809 S.W.2d 954, 957 (Tex.App.—Beaumont 1991, no writ); *Utilities Pipeline Co. v. American Petrofina Mktg.*, 760 S.W.2d 719, 723 (Tex. App.—Dallas 1988, no writ). We agree.

The record does not show that Roberts secured any ruling on his objections to Friendswood's summary judgment proof. Therefore, Roberts has waived any complaint on appeal.

### Did Friendswood meet its summary judgment burden?

Roberts alleged that Friendswood created or permitted the creation of an unreasonably dangerous condition, failed to warn of such condition or to make such condition safe, failed to post warning signs or erect water depth gauge poles, failed to place markers, and failed to provide lifeguards or lifesaving equipment. Roberts further alleged that Friendswood's acts or omissions were negligent and were wilful, fraudulent, wantonly negligent, or done with malice.

Friendswood moved for summary judgment on the basis that (1) it did not own, possess, or control the park, pier, or boat ramp where Roberts was injured and therefore, owed him no legal duty; (2) it did not proximately cause Roberts' injuries; and (3)

Roberts claims were barred by the statute of repose, TEX.CIV.PRAC. & REM.CODE ANN. § 16.009 (Vernon 1986).

**Legal duty**

### (a) Duty as owner

█ Roberts first contends that Friendswood owed him a duty as a matter of law, and the motion for summary judgment did not negate the duty element of his cause of action. The summary judgment evidence shows that in 1978, Friendswood conveyed the River Grove Park, together with all recreational facilities and other improvements, to Kingwood; Kingwood is the owner of record of River Grove Park; and the pier and boat ramp from which Roberts dived were on property belonging to the city of Houston, within its "take" line. The summary judgment evidence shows Friendswood did not own the premises at issue at the time Roberts' accident occurred. Roberts did not present any evidence to controvert the deed and other summary judgment evidence showing that Friendswood no longer owned the premises.

█ The owner of property is under a duty to keep the premises in a reasonably safe condition for its invitees or to warn of any hazard. *City of Denton v. Van Page*, 701 S.W.2d 831, 834 (Tex.1986). Thus, liability for a defective condition on property arises only if the party has ownership, possession, control, or had itself created the dangerous condition. *Davis v. Esperado Mining Co.*, 750 S.W.2d 887, 888 (Tex.App.—Houston [14th Dist.] 1988, no writ). Friendswood's summary judgment evidence establishes that it did not own the premises. Therefore, any duty to Roberts does not stem from an ownership of the premises.

### (b) Duty as easement holder

█ However, Roberts contends that because Friendswood reserved an easement in the deed, it owed him a duty of care. The relevant part of the 1978 deed reads as follows:

The above-described tracts of land and recreational facilities and other improvements are hereby given, granted and conveyed by [Friendswood] and accepted by [Kingwood] subject to:

. . . .

(2) [Friendswood] reserve[s] for [itself], [its] successors and assigns, multiple easements for construction, maintenance, operation, replacement, changing and removal of streets, roads, pipelines, lines for transmission of electricity and communications, sewer lines and general utilities, drainage ditches and other facilities, whether similar or dissimilar, on, over, and across said land together with the right of assignment of said easements in whole or in part, including, but not by way of limitations, an easement and right-of-way for [Friendswood], [its] successors and assigns, over any and all existing roadways affecting the land conveyed hereby or roadways hereafter constructed by [Kingwood].

(3) [Friendswood], at [its] cost and expense, shall have the right, but not the obligation, to build and construct additional recreational facilities on said land or to place additional recreational facilities thereon without the consent of [Kingwood], and upon completion or installation of any such additional facility, such additional facility so built or constructed or installed shall, by mutual agreement between [Friendswood] and [Kingwood], become the property of [Kingwood].

(4) All valid and subsisting easements and rights of way affecting the land conveyed hereby.

(5) The restriction that [Kingwood], or its successors or assigns, shall use the land conveyed hereby for parks or playgrounds and recreational areas or for other related activities ... [Friendswood] hereby reserve[s], together with the right of assignment in whole or in part, a non-exclusive easement on, over and across said land and the right of free ingress and egress to the land conveyed hereby for the enjoyment and use of the land for the purposes to which it is devoted under the foregoing restrictions, and does hereby dedicate a non-exclusive easement for such purposes to all said owners and future owners, invitees and tenants. . . .

(6) The restriction that [Kingwood], or its successors or assigns shall in no way alter, change, remove or demolish existing or future improvements and recreational facilities located upon the land conveyed hereby nor shall [Kingwood], or its successors or assigns, place, erect or build additional recreational facilities or buildings on the land until ... approved in writing by [Friendswood]....

(7) The obligation of [Kingwood] ... that the land, improvements and recreational facilities, ... be kept at all times in a sanitary, healthful and attractive condition ... and [Kingwood] ... shall in improved areas, keep all weeds, grass, and underbrush thereon cut....

In the event of default ... [Friendswood], or [its] assigns, may without liability to [Kingwood], or its successors or assigns, in trespass or otherwise, enter upon the land conveyed hereby and cut, or cause to be cut, such weeds or underbrush or repair improvements or recreational facilities necessary to secure compliance with [Kingwood's] obligation, so as to place said land, and improvements or recreational facilities in a neat, attractive, healthful and sanitary condition....

In addition to these reservations and restrictions, Friendswood reserved an automatic reverter in title to the land if the land ceases to be used for the purposes stated in the deed.

The question is whether the easements and control that Friendswood reserved in the deed give rise to a legal duty by it to Roberts.

An easement confers upon one person the right to use the land of another for a specific purpose. *Lakeside Launches, Inc. v. Austin Yacht Club, Inc.,* 750 S.W.2d 868, 871 (Tex.App.—Austin 1988, writ denied). However, an easement does not convey the property itself. *Id.* Every easement carries with it the right to do whatever is reasonably necessary for full enjoyment of the rights granted. *Lamar County Elec. Coop. Ass'n v. Bryant,* 770 S.W.2d 921, 923 (Tex.App.—Texarkana 1989, no writ). Easement holders, although not occupiers of the property subject to the easement, have a duty to use ordinary care regarding the use of the easement. *See Phillips Pipe Line Co. v. Razo,* 420 S.W.2d 691, 693 (Tex.1967). The easement holder has a duty to maintain the easement, and the owner of the servient estate has no right to interfere with the dominant estate. *Reyna v. Ayco Dev. Corp.,* 788 S.W.2d 722, 724 (Tex.App.—Austin 1990, writ denied).

Friendswood reserved a non-exclusive easement over River Grove Park that allows it to build additional recreational facilities on the property. The easement also allows Kingwood to alter the recreational facilities with Friendswood's consent. The summary judgment evidence shows that Friendswood has not possessed, operated, or controlled the upkeep and safety of the park, pier, or boat ramp. David Reitze, an employee of Friendswood, testified in his affidavit that from 1984 until the date of his affidavit, October 13, 1992, Friendswood has not owned, possessed, operated or maintained control of the park, the boat ramp, or the pier, nor has it controlled or attempted to control the maintenance, upkeep, safety of the park, boat ramp, or pier. Friendswood has not used the easements reserved by it in the deed to Kingwood.

Moreover, the summary judgment evidence shows the pier and boat ramp are located on property owned by the city of Houston and not Kingwood. The affidavit of Arthur Girts, a licensed surveyor, states that the pier and boat ramp are situated on property belonging to the city of Houston within its "take line." Friendswood's easements do not extend to and do not affect the pier and boat ramp involved in Roberts' accident. Again, Roberts did not controvert this summary judgment evidence. A duty of care to Roberts did not arise from the easement reserved by Friendswood in the deed of the park to Kingwood.

#### (c) Duty as vendor

In its motion for summary judgment and on appeal, Friendswood argues that once it transferred the property, its liability for any injuries on the property ceased. Generally, vendors of real property are not liable for injuries caused by danger-

ous conditions on real property after conveyance. *First Fin. Dev. Corp. v. Hughston,* 797 S.W.2d 286, 291 (Tex.App.—Corpus Christi 1990, writ denied). However, there is an exception to the rule: when a dangerous condition exists at the time the vendor transfers possession, the vendor is not subject to liability for injuries caused to others while upon the premises after vendee has taken possession, unless the vendor does not disclose or actively conceals the existence of the condition. *Id.; Davis,* 750 S.W.2d at 888. This exception does not apply when the vendee discovers or should have discovered the dangerous condition and has a reasonable opportunity to take precautions, or when the vendee has actual notice of the condition. *Hughston,* 797 S.W.2d at 291–92.

In Kingwood's discovery responses, attached as summary judgment evidence to Friendswood's motion, Kingwood states that, 15 to 20 years before the accident, when Friendswood owned the park, Friendswood dredged the bottom of Lake Houston within 50 yards of the pier and boat ramp, and that Kingwood, sometime during its ownership, also dredged the lake in this area. There is no evidence that Friendswood did not disclose or actively concealed the existence of any dangerous condition created while it owned the park. There is evidence, however, that Kingwood knew that Friendswood dredged the lake within 50 yards of the pier.

The evidence also shows that because Kingwood dredged the lake in the same area some years later, it had the opportunity to discover any dangerous condition then existing. Friendswood, as vendor, is not liable to Roberts. *Hughston,* 797 S.W.2d at 291–92.

Because Friendswood established that it did not owe a legal duty to Roberts, we affirm the summary judgment.

We do not need to address Friendswood's other grounds for summary judgment.