**Linda OWENS, et al., Plaintiffs,**

v.

**ESTATE OF Walter ERWIN, Jr., et al., Defendants.**

Civil Action No. 3:95–CV–1994–D.

United States District Court, N.D. Texas, Dallas Division.

June 26, 1997.

Linda Owens, Corsicana, TX, pro se.

Debra Burdette, Corsicana, TX, pro se.

Wanda Rogers, Corsicana, TX, pro se.

Lynda Montgomery, Corsicana, TX, pro se.

Dawn Wiggins, Corsicana, TX, pro se.

Audry Thomas, Lufkin, TX, pro se.

Brandy Gonzales, Corsicana, TX, pro se.

Barbara Locke, Longview, TX, pro se.

Claudia Everett Fogle, Gretchen A. Benolken, Fogle & Benolken, Little Elm, TX, for Resolution Trust Corp., Bright Realty Corp.

Paula A. Johnson, Fulbright & Jaworski, Houston, TX, for Phillips Chemical Co./Phillips 66 Co.

Joe Michael Russell, Kelly R. Myers, Law Office of Kelly Myers, Corsicana, TX, for Danny Petty.

Frank B. Murchison, Law Office of Frank B. Murchison, Corsicana, TX, for Estate of Lonnie Beasley.

## *MEMORANDUM OPINION AND ORDER*

FITZWATER, District Judge.

The court revisits this premises liability action to decide motions for summary judgment filed by defendants Federal Deposit Insurance Corporation, Statutory Successor to the Resolution Trust Corporation, as Receiver for Bright Banc Savings Association ("RTC"), Bright Realty Corporation ("Bright Realty"), Danny Petty ("Petty"), Estate of Walter Erwin, Jr. ("Erwin Estate"), and Estate of Lonnie Beasley ("Beasley Estate"). For the reasons that follow, the court grants the motions.

---

1. Although Owens' motions for extension, *see infra* at § II, refer to all plaintiffs, Owens cannot

## I

The relevant background facts of the case are set out in an opinion filed March 31, 1997, and therefore the court recounts them only briefly. Plaintiffs contend they were exposed to environmental pollution that emanated from a parcel of land in Navarro County, Texas (the "Property"). A gasoline service station was operated on the Property—under several different owners—from the mid–1950's until the mid–1970's. During that period, underground gasoline storage tanks and delivery systems were installed on the Property.

Plaintiffs were employed at a business located on the Property from December 1992 until the summer of 1994. Plaintiffs allege that the tanks and the delivery systems previously installed were defective, allowing toxic petroleum hydrocarbons to leak into the surrounding soil. Plaintiffs sued several parties who allegedly owned, leased, or otherwise controlled the Property during the period in question.

Defendants RTC, Bright Realty, Petty, Erwin Estate, and Beasley Estate have moved for summary judgment. Except for plaintiff Linda D. Owens ("Owens"), plaintiffs have not responded to the motions.[1]

## II

The court addresses as a threshold matter Owens' June 26, 1997 motions for extension, which are addressed to all three summary judgment motions. Treating the motions as requests for Fed.R.Civ.P. 56(f) relief, the court denies them.

Rule 56(f) authorizes a continuance "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition.... The Rule is an essential ingredient of the federal summary judgment scheme, and provides a mechanism for dealing with the problem of premature summary judgment motions." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91

---

represent the other parties. The court treats the motions as if filed on behalf of Owens alone.

L.Ed.2d 265 (1986). The continuance authorized by Rule 56(f) is a safe harbor built into the rules so that summary judgment is not granted prematurely. *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir.1987). To comply with the rule, the party opposing summary judgment need only file the specified non-evidentiary affidavit, explaining why it cannot oppose the summary judgment motion on the merits. *Id.* Nevertheless, a claim that further discovery or a trial might reveal facts of which the nonmovant is currently unaware is insufficient. *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123 (5th Cir.1988). The party may not rely on vague assertions that additional discovery will produce needed, but unspecified facts, *Union City*, 823 F.2d at 137, but instead must identify a genuine issue of material fact that justifies the continuance pending further discovery. *See Woods v. Federal Home Loan Bank Bd.*, 826 F.2d 1400, 1415 (5th Cir.1987), *cert. denied*, 485 U.S. 959, 108 S.Ct. 1221, 99 L.Ed.2d 422 (1988). A party seeking a continuance of a motion for summary judgment must demonstrate why it needs additional discovery and how the additional discovery will create a genuine issue of material fact. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993). It must show a genuine issue of material fact that requires postponement for discovery, *see McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991), and must present specific facts explaining its inability to make the substantive response required by Rule 56(e), *see Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 167 n. 25 (5th Cir.1991).

 Owens alleges as the sole ground for a continuance that plaintiffs are still seeking representation. This is insufficient to justify a continuance. First, it fails to satisfy a number of the requirements addressed above. Second, plaintiffs have on prior occasions requested that the court defer rulings while they sought counsel. The court has already allowed them adequate time to do so. Owens has not shown good cause for further

delay. She merely asks for a continuance, without attempting to demonstrate the diligence that plaintiffs have employed in seeking legal representation. The court denies Owens' motions for continuance.

### III

The RTC and Bright Realty move for summary judgment on the ground that a former owner of property, and an agent of the former owner, cannot be held liable to the invitees of its vendee on the basis of claims of failure to remediate or otherwise cure soil contamination and failure to warn subsequent grantees and/or the general public of petroleum hydrocarbon soil pollution. They maintain that they owed no legal duty to plaintiffs after the Property was sold. The court agrees.

 As a rule, a grantor of real property is not liable for dangerous or defective conditions on the land once the grantee has taken possession of the property. See *Roberts v. Friendswood Dev. Co.*, 886 S.W.2d 363, 367–68 (Tex.App.1994, writ denied). This general rule is subject to exception only where the grantor knew of the dangerous condition at the time of transfer and actively concealed or failed to disclose the condition. *See id.* at 368; *Folks v. Kirby Forest Ind. Inc.*, 10 F.3d 1173, 1181–82 (5th Cir.1994) (citing *Beall v. Lo–Vaca Gathering Co.*, 532 S.W.2d 362, 365 (Tex.Civ.App.1975, writ ref'd n.r.e.)). A vendor can also be held liable when it created the dangerous condition. *Roberts*, 886 S.W.2d at 366.

 Defendants have pointed the court to evidence that, at the time the Property was sold to defendant Petty, the RTC disclosed the existence of the underground tanks and the fact that environmental assessments had been made on the Property. Bright Realty cannot be held liable to plaintiffs because it owed no duty to them as a matter of law. It neither owned, possessed, or controlled the Property nor were plaintiffs the invitees of Bright Realty during a period when it managed, leased, or attempted to sell the Property. The RTC[2] and Bright Realty

**2.** Bright Banc Savings Association is entitled to the same relief and is included in the court's references to the RTC.

are entitled to summary judgment dismissing plaintiffs' claims.

## IV

The Erwin and Beasley Estates move for summary judgment on the same basis that the court dismissed plaintiffs' action against Carl F. Mirus in its March 31, 1997 opinion. They have shown that they, too, are entitled to summary judgment on the same basis, and plaintiffs' claims against them are dismissed.

## V

Defendant Petty moves for summary judgment.[3] He has introduced undisputed evidence[4] that before he leased the Property to XLTB, Inc. d/b/a Sun Loan Company ("XLTB"), he disclosed to XLTB that there might be underground gas tanks on the Property. *See* Petty Aff. at 3. On March 10, 1993 he sold the Property to Roy Johnston ("Johnston"). *Id.* XLTB continued to lease the Property until September 1, 1994. The court granted summary judgment in favor of Johnston in its March 31, 1997 opinion.

 "As a general rule, 'a lessor of land is not liable to his lessee or to others on the land for physical harm caused by any dangerous condition, whether natural or artificial, which existed when the lessee took possession.'" *Brownsville Navigation Dist. v. Izaguirre*, 829 S.W.2d 159, 160 (Tex.1992) (quoting Restatement (Second) of Torts § 356 (1965)). There is an exception to the general rule where the lessor knew or had reason to know of the dangerous condition and concealed or failed to disclose the condition to his tenant. *Id.* at 161. The undisputed summary judgment evidence is that Petty

---

3. Petty's motion, brief, and affidavit have been submitted with duplicate pages and missing pages. The court has been able to determine from the pages submitted in the record, however, that Petty is entitled to summary judgment.

4. Plaintiffs have not responded to Petty's motion. Although the court may not enter a default summary judgment, the court is permitted to accept his evidence as undisputed. *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex.1996) (Fitzwater, J.) (citing *Tutton v. Garland Indep. Sch.*

disclosed the information to XLTB. Accordingly, he is entitled to summary judgment.

\* \* \* \* \* \*

Defendants' motions for summary judgment are granted.[5] The court has today filed a Rule 54(b) final judgment dismissing all claims against defendants RTC, Bright Realty, Petty, Erwin Estate, and Beasley Estate.

**SO ORDERED.**

---

*Dist.*, 733 F.Supp. 1113, 1117 (N.D.Tex.1990) (Fitzwater, J.)).

5. On June 26, 1997 defendants filed a motion to strike plaintiffs' designation of expert witnesses and to exclude testimony of expert witnesses, and a motion for enlargement of time to designate expert witnesses and for relief from scheduling order and Fed.R.Civ.P. 26(a)(2). In view of today's judgment, these motions are denied as moot.