Opinion issued January 8, 2009









 





In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00104-CV






GOODSON PONTIAC GMC, L.L.C., GOODSON NORTH, L.L.C.,
GOODSON HONDA, INC., AUTOMOTIVE GROUP REALTY, L.L.C.,
UNITED AUTO GROUP, INC., and MOTORS INSURANCE COMPANY, 
Appellants


V.


AUTONATION USA CORPORATION n/k/a AN DEALERSHIP HOLDING
CORP., AUTONATION, INC., and TURNER, COLLIE & BRADEN, INC.,
Appellees






On Appeal from the 129th District Court

Harris County, Texas

Trial Court Cause No. 2003-31954






MEMORANDUM OPINION

 This is an appeal from summary judgment orders denying negligence and
premises liability claims for damages to cars on a parking lot that flooded after heavy
rain. Appellants, Goodson Pontiac GMC, L.L.C., Goodson North, L.L.C., Goodson
Honda, Inc., Automotive Group Realty L.L.C, United Auto Group, Inc., and Motors
Insurance Company (collectively, "Goodson"), appeal the summary judgment orders
rendered in favor of appellees, AutoNation USA Corporation n/k/a AN Dealership
Holding Corporation and AutoNation, Inc. (collectively, "AutoNation") and Turner,
Collie & Braden, Inc. ("TCB"). In its first issue, Goodson challenges the trial court's
traditional summary judgment in favor of AutoNation rendered on the ground that
AutoNation had no duty to Goodson as a matter of law for the negligence and
premises liability claims. In its remaining four issues, which concern only TCB,
Goodson asserts the trial court erred by rendering summary judgment in favor of TCB
because TCB's motion for summary judgment inadequately identified the entity to
which it was directed; TCB's traditional motion for summary judgment failed to
conclusively prove the elements it challenged; and Goodson provided competent
summary judgment evidence to raise issues of fact in response to TCB's no-evidence
motion. We conclude that the trial court properly granted summary judgment in favor
of AutoNation because AutoNation conclusively established it had no duty to
Goodson. We also conclude Goodson failed to preserve for appeal its challenge to
the specificity of TCB's motion for summary judgment by failing to specially except. 
Furthermore, we conclude that the trial court properly granted summary judgment in
favor of TCB because Goodson has not challenged on appeal each of the grounds
under which the trial court could have granted the summary judgment. We affirm
the judgment of the trial court. 

Background

 In 1997, AutoNation owned a 10-acre parcel of land located in Houston, Texas. 
AutoNation hired Camargo Copeland to design and construct a car-dealership facility
at that location. Camargo Copeland contracted with TCB, a civil engineering firm,
to design the parking lot and drainage system for the property. Camargo Copeland
built the parking lot according to the specifications and design of TCB. In 2000,
AutoNation sold the land to Moudy, Inc. As part of the contract for the land,
Autonation and Moudy agreed that Moudy would purchase the land "'as is' with all
faults and defects, latent and patent," and that AutoNation made no representations
concerning the "condition of the property."

 Moudy later sold the land to Goodson. On two occasions in 2001 and 2002,
cars parked in the Goodson dealership parking lot were damaged by flooding after
heavy rain. Goodson filed suit against AutoNation and TCB, asserting negligence
and premises liability claims. (1)

 AutoNation and TCB each filed a traditional and no-evidence motion for
summary judgment to challenge the premises liability and negligence claims. The
only ground contained in AutoNation's summary judgment motion was that
AutoNation had no duty to Goodson as a matter of law. AutoNation provided
summary judgment evidence to show that Autonation did not sell the property to
Goodson, but instead sold it to Moudy. AutoNation's evidence showed it made no
representations to Moudy and that Moudy purchased the property "as is." 
AutoNation also presented evidence that AutoNation did not design or construct the
parking lot and drainage system "other than through its independent construction
contractor."

 In response to AutoNation's motion for summary judgment, Goodson asserted
that AutoNation owed Goodson a duty as a matter of law by creating a dangerous
condition on the premises, which Goodson claimed was a duty that could not be
relieved by the fact that Autonation hired independent contractors to carry out the
work. Goodson produced the affidavit of Thomas Langford, a civil engineer. In his
affidavit, Langford states, "It is our opinion that the design and/or construction of the
parking lots did not follow reasonably prudent guidelines, and that this proximately
caused the parking lots to retain water at such a level as to go over the floorboards
and damage Goodson Pontiac's parked vehicles . . . ." Goodson also identified
excerpts from the deposition of Larry Mueller, an engineer and the designated
representative of TCB. Mueller's testimony explained that the parking lot drainage
was designed to pond at a level of 18 inches. The trial court granted the traditional
motion for summary judgment on the ground that AutoNation did not owe a duty to
Goodson, but it did not consider the no-evidence portion of AutoNation's motion.

 TCB filed a no-evidence motion for summary judgment on Goodson's
premises liability and negligence claims. Goodson filed a response to TCB's no-evidence motion for summary judgment. TCB later moved for traditional summary
judgment on the premises liability and negligence claims. The trial court granted
summary judgment in favor of TCB without specifying the grounds for summary
judgment. 

Summary Judgment Standard of Review We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). When a summary judgment does not specify the
grounds on which it was granted, we will affirm the judgment if any one of the
theories advanced in the motion is meritorious. Joe v. Two Thirty Nine Joint
Venture, 145 S.W.3d 150, 157 (Tex. 2004).

 Traditional summary judgment is proper only when the movant establishes
that there is no genuine issue of material fact and that the movant is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). In reviewing a traditional
summary judgment, we must indulge every reasonable inference in favor of the
nonmovant, take all evidence favorable to the nonmovant as true, and resolve any
doubts in favor of the nonmovant. Valence, 164 S.W.3d at 661. A defendant who
moves for traditional summary judgment on the plaintiff's claim must conclusively
disprove at least one element of the plaintiff's cause of action. Little v. Tex. Dep't
of Criminal Justice, 148 S.W.3d 374, 381 (Tex. 2004). 

 After adequate time for discovery, a party may also move for summary
judgment on the ground that there is no evidence of one or more essential elements
of a claim. Tex. R. Civ. P. 166a(i). Once the movant specifies the elements on
which there is no evidence, the burden shifts to the nonmovant to raise a fact issue
on the challenged elements. Id. AutoNation's Motion for Summary Judgment

 In its first issue, Goodson asserts that the trial court erred when it granted
AutoNation's motion for summary judgment because AutoNation failed to prove as
a matter of law that it had no duty to Goodson. Goodson contends that a defendant
not in possession or control of the property owes a duty of due care "if the defendant
created a dangerous condition that caused the injury." Goodson points to a Texas
Supreme Court decision that holds that a person who creates a dangerous condition
owes a duty of due care, asserting that AutoNation had a duty of due care because
of its role in building the parking lot. See Lefmark Mgmt. Co. v. Old, 946 S.W.2d
52, 54 (Tex. 1997). 

 Premise liability is a type of negligence. See Gen. Electric v. Moritz, 257
S.W.3d 211, 217 (Tex. 2008) ("Like any other negligence action, a defendant in a
premises case is liable only to the extent it owes the plaintiff a legal duty.") In a
premises liability action, prior owners of property typically owe no duty to keep a
property safe after transfer. Lefmark, 946 S.W.2d at 54. "Generally, vendors of real
property are not liable for injuries caused by dangerous conditions on real property
after conveyance." Roberts v. Friendswood Dev. Co., 886 S.W.2d 363, 367-68
(Tex. App.--Houston [1st Dist.] 1994, writ denied). "However, there is an exception
to the rule: when a dangerous condition exists at the time the vendor transfers
possession, the vendor is not subject to liability for injuries caused to others while
upon the premises after vendee has taken possession, unless the vendor does not
disclose or actively conceals the existence of the condition." Id. at 368.

 Although building the parking lot may have created a duty of due care owed
by AutoNation, see Lefmark, 946 S.W.2d at 54, the duty ceased at the point that
AutoNation sold the property "as is" to Moudy, which would include the condition
of the parking lot being prone to flooding. See Roberts, 886 S.W.2d at 367-68. Any
complaint by Goodson about property purchased from Moudy is a complaint to be
directed at Moudy, and AutoNation has no duty over the condition of the property
after having sold the property "as is" to Moudy. See id. We hold that AutoNation
is not liable to Goodson for negligence and premises liability for flooding that
occurred after Goodson purchased the property from Moudy. See id. 

 We overrule Goodson's first issue.Waiver Due to Failure to Specially Except In its second issue, Goodson asserts that "TCB did not specify against which
Appellants it was moving for summary judgment against as to the premises liability
claim." TCB responds that Goodson failed to preserve its complaint by failing to
specially except to the motion in the trial court. 

 When a summary judgment is attacked on specificity grounds, a special
exception is required. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337,
342 (Tex. 1993) ("An exception is required should a non-movant wish to complain
on appeal that the grounds relied on by the movant were unclear or ambiguous.") 
The excepting party must obtain a ruling on the special exception to preserve the
issue for appeal. Id. at 343 n.7. As a general rule, a complaint is preserved for
appellate review only if the record establishes the complaint was made known to the
trial court in a timely manner, and the trial court ruled on the complaint. See Tex.
R. App. P. 33.1(a).

 In the present case, Goodson did not file a special exception to TCB's motion
for summary judgment. Rather, Goodson filed a single response, addressing the
substantive claims made by TCB, without any special exceptions. A special
exception was filed in Goodson's motion for reconsideration after the trial court
rendered summary judgment. We hold Goodson failed to preserve this issue for
appeal because Goodson did not make any timely special exceptions before the trial
court rendered summary judgment. See McConnell, 858 S.W.2d at 343 n.7.

 We overrule Goodson's second issue.

TCB's Motion for Summary Judgment

 In its third issue, Goodson challenges the traditional motion for summary
judgment concerning claims against TCB. 

 Texas Rule of Appellate Procedure 38.1(h) requires that an appellant's brief
"contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record." Tex. R. App. P. 38.1(h). "Rule 38 requires
[a party] to provide us with such discussion of the facts and the authorities relied
upon as may be requisite to maintain the point at issue." Tesoro Petroleum Corp. v.
Nabors Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex. App.--Houston [1st Dist.]
2002, pet. denied). "This is not done by merely uttering brief conclusory statements,
unsupported by legal citations." Id. "Issues on appeal are waived if an appellant
fails to support his contention by citations to appropriate authority . . ." Abdelnour
v. Mid Nat'l Holdings, Inc., 190 S.W.3d 237, 241 (Tex. App.--Houston [1st Dist.]
2006, no pet.); see Daniel v. Falcon Interest Realty Corp., 190 S.W.3d 177, 189
(Tex. App.--Houston [1st Dist.] 2005, no pet.). Similarly, appellate issues are
waived when the brief fails to contain a clear argument for the contentions made. 
See Brock v. Sutker, 215 S.W.3d 927, 929 (Tex. App.--Dallas 2007, no pet.)
(holding that issue is waived by brief that makes no attempt to analyze trial court's
order within context of cited authority); see also Bradt v. West, 892 S.W.2d 56, 69
(Tex. App.--Houston [1st Dist.] 1994, writ denied) (holding fact that brief contains
authorities on conspiracy is not alone sufficient to comprise "argument" necessary
to keep from waiving cause of action on appeal, as both authorities and argument are
required). 

 Goodson's third issue states, "The trial court erred in granting TCB's
traditional portion of the motion for summary judgment on [Goodson's] negligence
and premises liability claims, as TCB did not prove as a matter of law that it had no
duty to [Goodson], that it met its standard of care, nor that its conduct did not
proximately caused [sic] the occurrences." However, in the argument section of its
third issue, Goodson addresses only the element of duty. Goodson makes no
argument, refers to no evidence, and cites to no authority concerning breach of duty
or proximate cause. We therefore hold that Goodson's brief is inadequate to present
any challenge to breach of duty or proximate cause concerning the traditional motion
for summary judgment. See Brock, 215 S.W.3d at 929. 

 "If summary judgment may have been rendered, properly or improperly, on
a ground not challenged, the judgment must be affirmed." Ellis v. Precision Engine
Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.--Houston [1st Dist.] 2002, no pet.);
see also Jacobs v. Satterwhite, 65 S.W.3d 653, 655 (Tex. 2001) (holding appellate
court may not reverse judgment on grounds not raised and argued on appeal). In its
summary judgment, TCB moved for summary judgment as a matter of law on the
grounds that (1) it owed no duty to Goodson because Goodson was not its client and
because TCB never owned or controlled the premises; (2) TCB did not breach the
standard of care; and (3) any alleged breach of the standard of care did not
proximately cause Goodson's damages. TCB's traditional motion for summary
judgment challenged the elements of breach of duty and probable cause, but
Goodson does not challenge those elements in this appeal. Because Goodson has not
challenged every ground on which summary judgment may have been granted, we
must uphold the trial court's summary judgment in favor of TCB. See Ellis, 68
S.W.3d at 898.

 We overrule Goodson's third issue. Having overruled this issue, we need not
address Goodson's remaining fourth and fifth issues that attack the summary
judgment on alternate grounds. 

Conclusion

 We affirm the judgment of the trial court. 



 Elsa Alcala

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.
1. Goodson also filed suit against a number of other entities involved in the design or
construction the parking lot, however, none of these entities is a party to this appeal.