**Opinion filed May 6, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00260-CV

_____

## DWIGHT GROSSETT, GLORIA GROSSETT, AND R.P., A MINOR CHILD, Appellants

## V.

## KELLY GRIMSLEY AUTO GROUP, LTD., Appellee

On Appeal from the 161st District Court

Ector County, Texas

Trial Court Cause No. B-121,499

## M E M O R A N D U M   O P I N I O N

Dwight Grossett, Gloria Grossett, and R.P., a minor child, sued Kelly Grimsley Auto Group, Ltd. for damages and injuries they sustained in a single-vehicle accident. The trial court granted Kelly Grimsley's motion for summary judgment. The Grossetts filed this appeal contending in a single issue that the trial court erred because there were unresolved questions of fact. We affirm.

The Grossetts purchased a vehicle from Kelly Grimsley. They alleged that, while traveling on Highway 302, the vehicle began to accelerate on its own. Dwight applied the brakes

to disengage the cruise control, but it failed to disengage. He lost control of the vehicle and hit a utility pole and two fences. The Grossetts contended that their accident was proximately caused by Kelly Grimsley's negligent failure to properly prepare the vehicle.

Kelly Grimsley filed a combination traditional and no-evidence motion for summary judgment. The trial court held that Kelly Grimsley was entitled to summary judgment but did not specify which motion it was granting. For purposes of our review, it is only necessary to consider the no-evidence motion. We review a no-evidence summary judgment under the same standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). We examine the record in the light most favorable to the nonmovant and credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard all contrary evidence and inferences unless reasonable jurors could not. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).

Kelly Grimsley contended that the Grossetts had no evidence that their vehicle's cruise control system failed. A trial court must grant a proper no-evidence motion unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact. TEX. R. CIV. P. 166a(i). If the evidence is such that it would enable reasonable and fair-minded people to differ in their conclusions, then it is more than a scintilla. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). The Grossetts were, therefore, required to produce probative evidence of a system failure.

The Grossetts filed a response and attached a document described as their expert's report. Kelly Grimsley correctly notes that the report did not name the expert or provide any evidence of qualifications. It did not, however, object in writing to that report. Consequently, any objection to the form of the Grossetts' expert report has been waived. TEX. R. CIV. P. 166a(f). Furthermore, because the trial court did not rule on the report's admissibility, we may not consider its admissibility on appeal. *Roberts v. Friendswood Dev. Co.*, 886 S.W.2d 363, 365 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

The Grossetts direct us to the following statement in that report: "The vacuum hose from the manifold to the brake booster was found intact; however, a retaining clamp had been left loose during some previous work." This is some evidence of negligent repair, but it does not establish that the loose clamp was responsible for the accident or that the cruise control system failed. We have reviewed the entire report and find no evidence that the cruise control system

2

failed or proximately caused the accident. Because the Grossetts failed to tender any evidence of system failure, the trial court did not err when it granted Kelly Grimsley's no-evidence motion for summary judgment.

The Grossetts' issue is overruled, and the judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


May 6, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.