Opinion filed May 6, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00260-CV

                                                    __________

 

                       DWIGHT
GROSSETT, GLORIA GROSSETT,

                          
AND R.P., A MINOR CHILD, Appellants

 

                                                             V.

 

                  KELLY
GRIMSLEY AUTO GROUP, LTD., Appellee



 

                                   On
Appeal from the 161st District Court

 

                                                             Ector
County, Texas

 

                                                  Trial
Court Cause No. B-121,499

 



 

M
E M O R A N D U M   O P I N I O N

            Dwight Grossett,
Gloria Grossett, and R.P., a minor child, sued Kelly Grimsley Auto Group, Ltd. for
damages and injuries they sustained in a single-vehicle accident.  The trial court granted
Kelly Grimsley’s motion for summary judgment.  The Grossetts filed this appeal
contending in a single issue that the trial court erred because there were
unresolved questions of fact.  We affirm. 

            The
Grossetts purchased a vehicle from Kelly Grimsley.  They alleged that, while
traveling on Highway 302, the vehicle began to accelerate on its own.  Dwight
applied the brakes to disengage the cruise control, but it failed to disengage. 
He lost control of the vehicle and hit a utility pole and two fences.  The
Grossetts contended that their accident was proximately caused by Kelly
Grimsley’s negligent failure to properly prepare the vehicle.

            Kelly
Grimsley filed a combination traditional and no-evidence motion for summary
judgment.  The trial court held that Kelly Grimsley was entitled to summary
judgment but did not specify which motion it was granting.  For purposes of our
review, it is only necessary to consider the no-evidence motion.  We review a
no-evidence summary judgment under the same standard as a directed verdict.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003).  We examine the
record in the light most favorable to the nonmovant and credit evidence
favorable to the nonmovant if reasonable jurors could, and we disregard all
contrary evidence and inferences unless reasonable jurors could not.  Timpte
Indus., Inc. v. Gish, 286 S.W.3d 306, 310 (Tex. 2009).  

Kelly
Grimsley contended that the Grossetts had no evidence that their vehicle’s
cruise control system failed.  A trial court must grant a proper no-evidence
motion unless the nonmovant produces more than a scintilla of probative
evidence to raise a genuine issue of material fact.  Tex. R. Civ. P. 166a(i).  If the evidence is such that it
would enable reasonable and fair-minded people to differ in their conclusions,
then it is more than a scintilla.  Ford Motor Co. v. Ridgway, 135
S.W.3d 598, 601 (Tex. 2004).  The Grossetts were, therefore, required to
produce probative evidence of a system failure.

The
Grossetts filed a response and attached a document described as their expert’s
report. Kelly Grimsley correctly notes that the report did not name the expert
or provide any evidence of qualifications.  It did not, however, object in
writing to that report.  Consequently, any objection to the form of the
Grossetts’ expert report has been waived.  Tex.
R. Civ. P. 166a(f). Furthermore, because the trial court did not rule on
the report’s admissibility, we may not consider its admissibility on appeal.  Roberts
v. Friendswood Dev. Co., 886 S.W.2d 363, 365 (Tex. App.—Houston [1st Dist.]
1994, writ denied).

The
Grossetts direct us to the following statement in that report:  “The vacuum
hose from the manifold to the brake booster was found intact; however, a
retaining clamp had been left loose during some previous work.”  This is some
evidence of negligent repair, but it does not establish that the loose clamp
was responsible for the accident or that the cruise control system failed.  We
have reviewed the entire report and find no evidence that the cruise control
system failed or proximately caused the accident.  Because the Grossetts failed
to tender any evidence of system failure, the trial court did not err when it
granted Kelly Grimsley’s no-evidence motion for summary judgment.

The
Grossetts’ issue is overruled, and the judgment of the trial court is affirmed.

            

                                                                        

RICK
STRANGE

                                                                                    JUSTICE

 

May 6, 2010

Panel consists of:  Wright, C.J., 

McCall, J., and Strange, J.