Affirmed
and Memorandum Opinion filed January 20, 2011.

In
The

Fourteenth
Court of Appeals



NO.
14-09-00630-CV



John Hatton, Appellant 

v.

Daniel D.
Grigar, Appellee 



On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 97-DCV-098376



 

MEMORANDUM OPINION 

Appellant John Hatton contests the validity of the
trial court’s entry of a permanent injunction permitting appellee
Daniel D. Grigar to grade and maintain an easement in
Fort Bend County, Texas.  In two issues, Hatton claims that the trial
court’s injunction was void and that the trial court abused its discretion by
finding Hatton in contempt of its injunction.  We affirm.

BACKGROUND

Much of the underlying factual background of this
case is well-documented in earlier opinions from this court, and we refer the
parties to those cases for a more detailed description of the background of
this case.  See Hatton v. Griggar (Hatton
I), 66 S.W.3d 545, 548–553 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (affirming the trial court’s declaratory judgment); Hatton
v. Griggar (Hatton II), No. 14-05-0-1053-CV, 2006
WL 3365494, at *1 (Tex. App.—Houston [14th Dist.] Nov. 21,
2006, no pet.) (mem.
op.) (affirming the trial court’s summary judgment in
favor of Grigar, which denied Hatton’s bill of review
on same issues raised in Hatton I).  In short, this appeal follows
a longstanding dispute over the ownership and use of a gravel road, which in
2000, the trial court declared (a) was a public road and (b) that an easement
of ingress and egress existed by necessity, prescription, and implication in
favor of Grigar.  We affirmed the trial court’s
judgment in 2002.  Hatton I, 66 S.W.3d at 557. 
Hatton subsequently filed related appeals in this court, which were either
affirmed or dismissed.[1]

The current appeal arises from injunctive relief
granted in favor of Grigar in April 2009.  In
October 2008, Grigar filed a motion for enforcement
and injunctive relief based on the trial court’s 2000 declaratory judgment.[2]  In this motion, Grigar
stated that, on June 22, 2008, he attempted to have a dirt contractor grade the
road as permitted by the trial court’s 2000 declaratory judgment. 
According to Grigar, Hatton and his son blocked the
contractor from clearing the road.  Grigar thus
requested that the trial court enforce its 2000 declaratory judgment by citing
Hatton to appear and show cause why Hatton should not
be enjoined from interfering with or obstructing Grigar’s
efforts to maintain and improve the surface of the road.  Hatton responded
by arguing that the subject road had been declared a public road by this
Court.  Thus, according to Hatton, Grigar had no
right to grade and maintain this public road; only the Fort Bend County
Commissioners could authorize maintenance of the road.

           
The trial court conducted a hearing on Grigar’s
motion for enforcement and injunctive relief on March 20, 2009.  After
hearing testimony and argument, the trial court concluded that this Court’s
decision in Hatton I, 66 S.W.3d at 557, did not disturb its 2000
declaratory judgment that an easement of ingress and egress existed by
necessity, prescription, and implication in favor of Grigar. 
The trial court further determined that the existence of this easement entitled
Grigar to maintain the property.  The trial
court enjoined Hatton from “interfering with ingress, egress, maintenance or
any other rights of the dominant estate contained by Mr. Grigar
in this case as to that property.”  Hatton objected to the trial court’s
ruling, to which the trial court responded:  “I have ruled that there is
an easement.  It was not - - the appellate court did not take it up, so my
ruling stands.”  After Hatton’s motion to reconsider/motion for new trial
was overruled by operation of law, this appeal timely ensued.

ANALYSIS

A.       
Hatton’s Appeal

In his first issue, Hatton asserts that the trial
court abused its discretion and denied him due process and equal protection
under the law by granting Grigar a “void” order for
enforcement and injunction.  Hatton argues that, because this Court
“failed to affirm that an easement existed” in Hatton I,[3] the trial court was without jurisdiction
to grant Grigar’s motion for an injunction.  We
disagree.

In Hatton I, we affirmed the trial court’s
judgment, not simply one of the trial court’s declarations.  66 S.W.3d at
557 (“Accordingly, the judgment of the trial court is affirmed.” (emphasis added)).  The trial court’s 2000 declaratory
judgment thus became final upon issuance of our mandate.  Cf. Edwards
Aquifer Auth. v. Chem. Lime, Ltd., 291 S.W.3d 392, 416 n.19 (Tex. 2009)
(listing cases establishing that issuance of mandate renders judgment
final).  Further, as noted supra, the Declaratory Judgment Act
provides that further relief based on a declaratory judgment may be granted
whenever “necessary and proper.”  Tex. Civ. Prac. & Rem. Code § 37.011. 


It is well established that a landowner may not
interfere with the right of the easement holder to use the landowner’s property
for the purpose of the easement.  See Severance v. Patterson,
—S.W.3d—, No. 09-387, 2010 WL 4371438, at *9 (Tex. Nov. 5, 2010); Ferrara v.
Moore, 318 S.W.3d 487, 490 (Tex. App.—Texarkana 2010, pet. denied).
 The purpose of the easement at issue here is to permit Grigar ingress and egress from his landlocked
property.  Grigar attempted to maintain the
easement so that he could continue to enjoy the purpose of the easement, and
Hatton interfered with his attempted maintenance.  We conclude that Hatton
was not permitted to interfere with Grigar’s right to
use and maintain the easement as necessary so that Grigar
could enjoy the purpose of the easement.  See Whaley v. Cent. Church of Christ of Pearland, 227
S.W.3d 228, 231 (Tex. App.—Houston [1st Dist.] 2007, no pet.)
(explaining that easements carry with them the right
to do whatever is “reasonably necessary for full enjoyment of the rights
granted”) (quoting Roberts v. Friendswood Dev. Co.,
886 S.W.2d 363, 367 (Tex. App.—Houston [1st Dist.] 1994, writ denied). 
Thus, the trial court properly enjoined Hatton from interfering with Grigar’s right to maintain the easement so that Grigar could enjoy the purpose of the easement.  See
id.  We overrule Hatton’s first issue.  

In his second issue, Hatton maintains that the trial
court abused its discretion when it found him in contempt for violating its
injunction.  Decisions in contempt proceedings cannot be reviewed through
a direct appeal.  See Hatton III, 2004 WL 583045, at *1 (citing Metzger
v. Sebek, 892 S.W.2d 20, 55 (Tex. App.—Houston
[1st Dist.] 1994, writ denied)).  Contempt orders may only be reviewed
through a habeas corpus proceeding or by writ of mandamus.  Metzger,
892 S.W.2d at 55.  Accordingly, we overrule
Hatton’s second issue.[4]

B.       
Grigar’s Request for Sanctions

           
Grigar asserts that Hatton’s appeal is frivolous and
requests sanctions under Texas Rule of Appellate Procedure 45, which provides:

If the court of appeals determines that an appeal is
frivolous, it may—on motion of any party or on its own initiative, after notice
and a reasonable opportunity for a response—award each prevailing party just
damages.  In determining whether to award damages, the court must not
consider any matter that does not appear in the record, briefs, or other papers
filed in the court of appeals.

Tex. R. App. P. 45. 
Hatton has not responded to Grigar’s motion for
sanctions.

The decision to award sanctions is a matter within
our discretion, which we exercise with prudence and caution after careful
deliberation.  Bridges v. Robinson, 20 S.W.3d
104, 115 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  In
objectively determining whether an appeal is frivolous, we review the record
from the viewpoint of the advocate and decide whether he had reasonable grounds
to believe the case could be reversed.  Smith v.
Brown, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied).

The right to appeal is a most sacred and valuable
one.  Bradt v. West, 892 S.W.2d 56, 78 (Tex. App.—Houston [1st Dist.]
1994, writ denied).  However, as our sister court has acknowledged,

[w]e will not permit spurious appeals, which unnecessarily
burden parties and our already crowded docket, to go unpunished.  Such
appeals take the court’s attention from appeals filed in good faith, wasting
court time that could and should be devoted to those appeals.  No litigant
has the right to put a party to needless burden and expense or to waste a court’s
time that would otherwise be spent on the sacred task of adjudicating the valid
disputes of Texas citizens.

Id.
at 79.

After considering the record and papers on file with
this Court, we agree that this appeal is frivolous.  We find Hatton had no
reasonable grounds to believe the case could be reversed.  See Smith,
51 S.W.3d at 381; Hatton III, 2003 WL 124464, at *2.  Under Rule
45, we award damages to Grigar against Hatton and his
appellate attorney, jointly and severally, in the amount of $2,500.00 for the
filing of a frivolous appeal.  See Tex. R. App. P. 45.

We affirm the trial court’s judgment. 

 

                                                                                   


                                                                       
/s/        Adele Hedges

                                                                                   
Chief Justice

 

 

Panel consists of Chief Justice Hedges,
Justice Jamison, and Senior Justice Price.*

 














[1] See
Hatton II, 2006 WL 3365494, at *1; Hatton v. Grigar
(Hatton III), No. 14-03-01210-CV, 2004 WL 583045, at *1–2 (Tex.
App.—Houston [14th Dist.] Mar. 25, 2004, no pet.) (mem. op.) (dismissing
Hatton’s appeal from contempt proceedings in trial court following Hatton’s
violation of permanent injunction and awarding sanctions to Grigar
for Hatton’s frivolous appeal); Hatton. v Grigar (Hatton IV), No. 14-02-00767-CV, 2003 WL
124464, at *1 (Tex. App.—Houston [14th Dist.] Jan. 16, 2003,
no pet.) (mem. op., per curiam)
(dismissing Hatton’s appeal from temporary injunction
as moot following trial court’s entry of permanent injunction).  





[2]
This  motion was filed pursuant to Texas Civil
Practice & Remedies Code section 37.011, which provides:

Further relief based on a
declaratory judgment or decree may be granted whenever necessary or
proper.  The application must be by petition to a court having
jurisdiction to grant the relief.  If the application is deemed
sufficient, the court shall, on reasonable notice, require any adverse party
whose rights have been adjudicated by the declaratory judgment or decree to
show cause why further relief should not be granted
forthwith.

Tex. Civ. Prac. & Rem. Code § 37.011
(West 2008).





[3]
66 S.W.3d at 557 (concluding that because sufficient evidence existed to uphold
trial court’s finding that the road was public, appellate court “need not
reach” the issues regarding whether the trial court’s easement findings were
proper).





[4]
Of course, had we reversed the trial court’s injunctive relief, the contempt
order would have been rendered moot.





* Senior Justice Frank C. Price sitting by assignment.